**Thomas L. Kummer, Esq.**
706 Brookdale Drive
Statesville, North Carolina 28677
775-338-3705
509-696-4871 fax

July 19, 2004

FILED
CLERK'S OFFICE
2004 JUL 20 P 11: 43
U.S. DISTRICT COURT
DISTRICT OF MASS

Hon. Judge Rya W. Zobel
United States District Court
District of Massachusetts
John Joseph Moakley U.S. Court House
1 Courthouse Way, Suite 2300
Boston MA 02210
Telephone: 617-748-9085
Via FedEx

      REF:  United States District Court
               District of Massachusetts, Boston
               **Case # 1:04-CV-10024-RWZ**

Dear Judge Zobel:

      I represent Howard Eugene Liner. I am not admitted to practice before the United States District Court For The District of Massachusetts, but I anticipate seeking admission pro hoc vice for purposes of this case. Because I must first secure local counsel before applying for pro hoc vice admission I am writing at this time since there is considerable urgency involved. The facts surrounding this matter have just come to my attention. I am a member in good standing of the North Carolina State Bar and am admitted to practice in the Federal District Courts For The Eastern District Of North Carolina and the Western District Of North Carolina. I have previously been admitted pro hoc vice in the Federal District Court For The Northern District Of Ohio and the Federal Bankruptcy Court For The District Of Nevada. I am also admitted to practice before the United States Fourth Circuit Court Of Appeals and the United States Tax Court. I would expect the Court in the instant case would favorably view my application for pro hoc vice admission.

      It appears that Mr. Larry Ewers has brought the above-captioned action in his own name claiming to be acting pursuant to a Power of Attorney granted by Mr. Liner. As an attorney-in-fact, Mr. Ewers can act only on behalf of Mr. Liner, and it would be improper for any judgment to be rendered in the name of Mr. Ewers alone. A default has been rendered, and it appears that Mr. Ewers is seeking the immediate issuance of a default judgment in his name alone, which will jeopardize my client's position.

Hon. Judge Rya W. Zobel
July 19, 2004
Page Two

---

By way of brief background, Mr. Liner and Mr. Ewers (through his company E.P.D. Management Company, LLC) entered into a Compensation Agreement dated May 3, 2002, a copy of which is attached. It was pursuant to the Compensation Agreement that Mr. Liner granted the Power Of Attorney which is the basis for Mr. Ewers filing of the instant suit. Pursuant to the Compensation Agreement, Mr. Ewers received only a one half interest in any the claims being prosecuted and only if any assets collected pursuant to a judgment granted go into the Bankruptcy estate in the United Kingdom. The representations to this Court that Mr. Ewers has received a full assignment of the claims prosecuted in the instant suit is erroneous. The Compensation Agreement is the only document which purports to assign any interest to Mr. Ewers.

Mr. Liner instructed me to terminate the Power of Attorney he gave to the present Plaintiff in the above case, Mr. Ewers. Attached is a letter to Mr. Ewers dated July 16, 2004 notifying Mr. Ewers of such termination. Under these circumstances, no judgment should be granted to Mr. Ewers without the inclusion of Mr. Liner. I respectfully request that a judgment not be granted in the instant case until Mr. Liner has an opportunity to seek intervention to protect his interest. Mr. Liner does not seek to adversely affect the default judgment to which the plaintiff's are entitled, only to be sure that the default judgment is rendered in the name of the appropriate parties.

It is my legal obligation as an officer of the court to notify you of the following related to Docket Report No. 1 – The Complaint:

1. Larry Ewers ("Ewers"), the present Plaintiff in the above case, does not have any legal standing in the case without the Power-of-Attorney from Mr. Liner. (See Paragraph 2 of the Complaint).
2. Your Honor will find the name of the true Plaintiff in Paragraph 10 of the Complaint: **Howard Eugene Liner**. Mr. Liner is one of four creditors in the January 17, 2002 Settlement Agreement with Christopher Patrick Heron ("Heron").
3. In Paragraph 22 of the Complaint, Mr. Ewers claims that all Liner's rights under the Heron Settlement Agreement belong to him personally. As stated above, this allegation is not true.
4. With respect to Paragraph 23 of the Complaint, the Application for Bankruptcy dated March 3, 2002 was for and on behalf of the four creditors that are mentioned in Paragraph 10 of the Complaint. Actions against Mr. Heron based on the Settlement Agreement can properly only be prosecuted on behalf of all claimants and, therefore, the representation that there is no "bar maintaining the present action" is inaccurate in light of the present configuration of the instant case.
5. The Complaint in Paragraph 49 seeks imposition of a Constructive Trust in favor of Mr. Ewers alone. Such a Constructive Trust should be imposed except in favor of all creditors of the defendant who have filed claims in the Bankruptcy proceeding now pending in the United Kingdom.

Hon. Judge Rya W. Zobel
July 19, 2004
Page Three

---

6. In Docket No. 14, Alan M. Spiro submitted his "Affidavit of Alan M. Sipro" in support of the Plaintiff's Motion For Entry Of Final Judgment. Please take note of the following statements therein:

    6.1. Paragraph 12 is inaccurate. There has never been any agreement between Mr. Ewers and Mr. Liner that excluded all of Liner's legal rights under the January 17, 2002 Settlement Agreement with Mr. Heron. Mr. Ewers attended the Settlement meeting as Liner's representative, not as a creditor himself.

        6.1.1. It is worthy to note that Mr. Ewers signed the Settlement Agreement as Mr. Liner's attorney, not attorney-in-fact or power-of-attorney. However, Mr. Ewers is not an attorney.

        6.1.2. Mr. Ewers and Mr. Sipro have not disclosed all relevant facts concerning Mr. Liner's interest.

    6.2. Paragraph 13 is particularly important. "The settlement sum" as defined in Paragraph 1.19 of the Settlement Agreement is "seventy percent of the liquidated value of the Heron net worth" and is to go to all four creditors as the parties to the January 17, 2004 Settlement Agreement. The four creditors, including Mr. Liner who was represented by Mr. Ewers, agreed to be paid "pari-passo" from any funds collected from Mr. Heron.

    6.3. Paragraph 15 is not accurate. Mr. Heron did not agree that the Settlement Sum would extinguish the debt currently owed to Mr. Liner only. The entire $1,980,000,000 Settlement Sum was not due and payable to Mr. Liner alone on January 25, 2002. Mr. Heron agreed that the Settlement Sum, or the entire amount owed, would be paid to the four creditors according to the "pari-passo" agreement between them as legally required.

    6.4. Paragraph 16 refers to the application dated March 3, 2002. It was made for and on behalf of the four creditors. Malcolm Harris, the Trustee for the Heron Bankruptcy, has informed Mr. Ewers that all assets worldwide belonged to the Bankruptcy Estate and must be remitted to the Trustee.

    6.5. Paragraph 17: Mr. Ewers should submit the list of creditors in the United Kingdom proceedings to this Court.

    6.6. Paragraph 18: The judgment should not be entered in favor of Mr. Ewers.

    6.7. Paragraph 19: The Constructive Trust should be granted for the benefit of all parties to the Settlement Agreement including Mr. Liner.

    6.8. Paragraph 20 states that "Heron has admitted, both in the agreement and on his list of creditors in the United Kingdom proceedings..." Mr. Ewers and his attorney should be required to submit both of the above documents to the Court before granting of a default judgment in the instant case.

Any statement by Mr. Ewers or his counsel that any amount is owed to Mr. Ewers independent of the interests of Mr. Liner, the other parties to the Settlement Agreement, and the Bankruptcy Estate of Mr. Heron is unfounded. Mr. Heron does not owe any amount of money to Mr. Ewers independent of the claims of Mr. Liner, and Mr. Ewers is empowered only to act or and on behalf of Mr. Liner up until the termination of his authority to do so.

Hon. Judge Rya W. Zobel
July 19, 2004
Page Four

---

    Thank you for your consideration. I specifically request that no default judgment be rendered for a period of thirty days from the date of this letter to allow time for my <u>pro hoc vice</u> admission and filing of appropriate motions. A delay in granting the default judgment will not prejudice any part to the litigation.

                            Sincerely,

                            Thomas L. Kummer

Cc:   Howard Eugene Liner
        Alan M. Spiro