UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

_____
                                              )
LARRY EWERS,                                  )
                                              )
        Plaintiff,                            )
                                              )
        v.                                    )        CIVIL ACTION NO.
                                              )        04-10024-RWZ
                                              )
HOWARD EUGENE LINER, CREDITORS                )
COMMITTEE OF THE BANKRUPTCY ESTATE            )
OF CHRISTOPHER PATRICK HERON, AH PING         )
BAN, FLAMECREST ENTERPRISES LIMITED           )
TRUST, BLATZ RUDOLPH WOLFENSBERGER            )
TRUST,                                        )
                                              )
        Plaintiff-Intervenors,                )
                                              )
        v.                                    )
                                              )
CHRISTOPHER PATRICK HERON,                    )
CORPORATION OF THE BANKHOUSE, INC.,           )
SOCIETE BANKHOUSE, and                        )
JAMES F. POMEROY, II,                         )
                                              )
        Defendants.                           )
_____)

## MOTION TO INTERVENE

Pursuant to Rules 24(a) and 24(b), Fed.R.Civ.P., Howard Eugene Liner ("Liner"),

the Creditors Committee Of The Bankruptcy Estate Of Christopher Patrick Heron, Ah

Ping Ban, Flamecrest Enterprises Limited Trust, and Blatz Rudolph Wolfensberger Trust

(collectively "Plaintiff-Intervenors") move for leave to intervene in the above-captioned

matter.  This Memorandum accompanies the Complaint of Plaintiff-Intervenors.

1

STATEMENT OF FACTS

Defendant Christopher Patrick Heron ("Heron") was adjudicated bankrupt by the High Court Of Justice In Bankruptcy in the United Kingdom on June 18, 2002 in the case of In re Christopher Patrick Heron, Case No. 1625 of 2002 (the "Heron Bankruptcy Estate").  The Committee was appointed on July 22, 2004 to act on behalf of the Heron bankruptcy estate.

On January 17, 2002, Heron entered into a Settlement Agreement with Plaintiff-Intervenors thereby settling the amount of claims which the Plaintiff-Intervenors have against Heron (the "Heron Settlement Agreement").  The Heron Settlement Agreement resolved claims by the Plaintiff-Intervenor against Heron pending in the Heron Bankruptcy Case.

Effective January 11, 2002, Plaintiff-Intervenor Liner granted to Larry Ewers ("Ewers") a Power Of Attorney to act on Liner's behalf with respect to, among other matters, the Heron Settlement Agreement and all rights of Liner under that Agreement. Ewers has no rights to any proceeds from the actions taken pursuant to the Power Of Attorney granted by Liner except as specified in a Compensation Agreement executed by Ewers and Liner on May 3, 2002.

On January 4, 2004 Ewers, pursuant to the Power Of Attorney granted by Liner, instituted the instant case.  All defendants failed to timely answer the Complaint, and default has been entered against them.  Default Judgment should be issued forthwith against all Defendants.  Liner has now terminated the Power Of Attorney granted to Ewers.

Through a series of agreements the Plaintiff-Intervenors agreed to share proportionately according to their claims against Heron all assets of Heron and the proceeds of actions by any of them against Heron. The Plaintiff-Intervenors agreed to deposit in a joint bank account all proceeds of any actions against Heron or any third party associated with Heron.

Since the instant case was brought in the sole name of Ewers, the default judgment to which Plaintiff-Intervenors are entitled could be issued only in the name of Ewers. Plaintiff-Intervenors seek to intervene to assert their rights to all proceeds arising from the default judgment to be rendered against Defendants and to assert the agreements whereby such proceeds are to be managed. Plaintiff-Intervenor Liner, furthermore, seeks to require Ewers to account to him for his actions pursuant to the Power Of Attorney.

## **ARGUMENT**

Rules 24(a) and 24(b) of the Federal Rules of Civil Procedure provide for intervention as of right and permissive intervention respectively. Plaintiff-Intervenors are the true parties in interest in the instant case, and Ewers has filed the Complaint herein only as a fiduciary to Liner. Both Ewers and Liner are bound by their respective agreements to share the assets of Heron, when recovered for the Heron Bankruptcy Estate, and, therefore, the other Plaintiff-Intervenors have an interest in the case.

Plaintiff-Intervenor's interests as creditors of Heron are in the assets of Heron, the very property which is being sought by Ewers in the Complaint. The existing parties do not adequately represent Plaintiff-Intervenor's interests because of the termination of Ewer's Power Of Attorney and because Ewers has declined to advise Liner of the actions taken pursuant to the Power of Attorney. Plaintiff-Intervenor's interests will be impaired absent intervention. See Holborn Oil Trading Ltd. v. Interpetrol Bermuda Ltd., 658

3

F.Supp. 1205, 1208 (1987).  In the alternative, the Court should exercise its discretion to permit Plaintiff-Intervenors to intervene pursuant to Rule 24(b).    Fed. R. Civ. P. 24(b); see Daggett v. Comm'n on Governmental Ethics and Election Practices, 172 F.3d 104, 113 (1st Cir. 1999); U.S. v. City of Los Angeles, 288 F.3d 391, 403-04 (9th Cir. 2002).

I.      **Plaintiff-Intervenors Have A Right To Intervene Because Their Ability To Protect An Inadequately Represented Interest Will Be Impaired Absent Intervention**

Federal Rule of Civil Procedure 24(a) provides that a party may intervene as of right where "the applicant claims an interest relating to the property or transaction which is the subject of the action and the applicant is so situated that the disposition of the action may as a practical matter impair or impede the applicant's ability to protect that interest, unless the applicant's interest is adequately represented by existing parties."  While an applicant bears the burden of establishing each of these requirements, Rule 24 is to be construed liberally and doubts resolved in favor of the proposed intervenor.  See e.g., Southwest Ctr. for Biological Diversity v. Berg, 268 F.3d 810, 818 (9th Cir. 2001). Courts accept as true all well-pleaded, non-conclusory allegations in the motion to intervene, and the proposed complaint. Id.

Plaintiff-Intervenors clearly meet the requirements for intervention.  Ewers has brought the suit in his own name seeking a default judgment against Defendants in his own name, but Ewers has no interest in the causes of action.  Ewers only basis as a plaintiff in the suit is derivative from Liner, and Liner has terminated that basis because of the misconduct of Ewers.  Moreover, the other Plaintiff-Intervenors have interests in the default judgment which Ewers has failed to represent.

It appears that Ewers has claimed that he has an assignment interest in the causes of action set forth in the Complaint and subsequent recovery from Defendants when in fact he has no such assignment.  Ewers has displayed his intention to act on his own behalf without representing the Plaintiff-Intervenors.

**A. Plaintiff-Intervenors Claim An Interest Relating To The Property And Transactions Which Are The Subject Of This Action.**

Intervention of right requires that the applicant claim an interest relating to the property or transaction which is the subject of the action.  Fed.R.Civ.P. 24(a)(2).  The applicant's interest must be direct, substantial, and legally protectable, and thus interests remote from the subject matter of the action do not satisfy the interest requirement.  See e.g., Washington Elec. Coop, Inc. v. Mass. Mun. Wholesale Elec. Co., 922 F.2d 92, 97 (2d Cir. 1990); Dilks v. Aloha Airlines, Inc., 642 F.2d 1155, 1157 (9th Cir. 1981); See also American Lung Ass'n v. Reilly, 962 F.2d 258, 261 (2d Cir. 1992).  Although the test of what constitutes this interest for purposes of intervention has eluded precise definition, it is interpreted primarily as "a practical guide to disposing of lawsuits by involving as many apparently concerned persons as is compatible with efficiency and due process."  Nuesse v. Camp, 385 F.2d 694, 699 (D.C. Cir. 1967); see Sierra Club v. Espy, 18 F.3d 1202, 1207 (5th Cir. 1994).

In Mountain Top Condominium Ass'n v. Dave Stabbert Master Builder, Inc., 72 F.3d 361, 367 (3rd Cir. 1995)(citing 7C Wright, Miller & Kane, Federal Practice & Procedure § 1908 at 272-74 (1986)(and cases cited therein)) the Third Circuit reversed the District Court's denial of a motion to intervene by condominium unit owners who claimed a right to hurricane insurance proceeds that the condominium association had placed in escrow in its action against a contractor.  72 F.3d at 366-67.  The contractor had filed

construction liens against the condominium property in hopes of recovering payment for work for which it had not been compensated. The condominium association in turn brought an action for damages and injunctive relief, and placed insurance proceeds received for reconstruction from hurricane damage into escrow for a release of the liens.

Condominium unit owners moved to intervene, claiming that the insurance proceeds had not been distributed in good faith. The court found that the unit owners were the intended beneficiaries of a trust in which the insurance proceeds were to be held, and thus had "an interest in seeing that the assets of the trust are not diverted in a manner that would defeat the purpose of the trust." The court allowed the unit holders to intervene, holding that "when a particular fund is at issue," it necessarily follows that "an applicant claims an interest in the very property that is the subject matter of the suit." Mountain Top Condominium Ass'n, F.3d at 367; See also Gaines v. Dixie Carriers, Inc., 434 F.2d 52, 53-54 (5th Cir. 1970) (holding that a law firm could intervene in a former client's action to protect its interest in it contingency fee); U.S. v. Eilberg, 89 F.R.D. 473 (E.D.Pa. 1980) (holding that two attorneys who claimed an interest in the same funds sought in an action by the United States were entitled to intervene).

Here, the suit claims a right to specific property, namely Heron's Syndicate 150 assets, to satisfy a settlement agreement between Heron and Liner. As in Mountain Top Condominium Ass'n, the applicant for intervention claims against a specific fund or assets, the Syndicate 150 property and other property fraudulently transferred by Defendants. Because Plaintiff-Intervenors seek the specific assets sought by Ewers in this action, Plaintiff-Intervenors satisfy the first requirement that they claim an interest relating to the property or transaction which is the subject matter of this action.

**B.  Disposition Of This Action May Impair And Impede Plaintiff-Intervenors'
Ability To Protect Their Interests.**

Because Plaintiff-Intervenors claim a right to the assets of Heron, including the assets
of Syndicate 150, disposition of the action by Ewers against the Defendants regarding the
same property will more than likely impair Plaintiff-Intervenors' ability to protect their
interest.  All that is required to satisfy the requirement that an action would otherwise
impair the intervention applicant's ability to protect his interest, is that the applicant show
the potential for a decrease in the value of his property interest. See NL Indus., Inc. v.
Sec. of the Interior, 777 F.2d 433, 440 (9th Cir. 1985)(holding that mining company with
conflicting claim may intervene in action involving competing mining firm against
United States regarding that disputed property).  Moreover, creditors and judgment
creditors may intervene where the property sought is at issue in an action, because
disposition of that action would impair their ability to satisfy the judgment. See Holborn
Oil, 658 F.Supp. at 1208 (1987) (holding that judgment creditors of corporate affiliate of
a party in an action could intervene to protect their interests in the judgment, having "no
difficulty" in holding that a disposition of the action which would require the applicant to
instead bring suit in a foreign court to assert its rights in the property would "impede the
protection of those rights as a practical matter within the meaning of Rule 24").

Here, any disposition in favor of Ewers will affect the value of the Syndicate 150
assets and decrease the value of Plaintiff-Intervenors' interest in that same property.
Specifically, Ewers seeks, among other relief in this action, that the court impose a
constructive trust on behalf of Ewers in any funds, and enjoin the use of any funds, held
or obtained by the Defendants.  Because Plaintiff-Intervenors claim a right to the same

property, any disposition of that property will impair their ability to protect that interest.
See NL Indus., Inc., 777 F.2d at 436, 440.

### C. Plaintiff-Intervenor' Interest Will Not Be Adequately Represented

Intervention of right also requires that the existing parties will not adequately represent the intervention applicant's interests. Fed.R.Civ.P. 24(a)(2). The applicant need not show that the representation by existing parties is certain to be inadequate. Rather, "the Rule is satisfied if the applicant shows that the representation of his interest 'may be' inadequate," and thus the applicant's burden is "minimal." Trbovich v. United Mine Workers of Am., 404 U.S. 528, 538 n.10. Even without this liberal construction, there is nothing in the existing action that would suggest any of the parties would adequately represent Plaintiff-Intervenors' interest. Ewers has declined to represent the interests of Liner or the other Plaintiff-Intervenors and by seeking judgment in his own name and claiming a right by virtue of a non-existent assignment, Ewers has demonstrated he intentionally will not represent the interests of the Plaintiff-Intervenors.

### II. Plaintiff-Intervenors' Claims Have Questions Of Law And Fact In Common With The Action And They Should Therefore Be Permitted To Intervene

In the alternative, the Court should in its discretion grant Plaintiff-Intervenors permission to intervene. Permissive intervention may be granted when the applicant's claim or defense has a question of law or fact in common with the main action. Fed.R.Civ.P. 24(b). Rule 24(b) vests broad discretion in District Courts to consider whether intervention will unduly delay or prejudice the adjudication of the rights of the original parties. See U.S. v. City of Los Angeles, 288 F.3d 391, 403-04 (9th Cir. 2002) (courts must exercise discretion in determining appropriateness of permissive

intervention); <u>Rosenshein v. Kleban</u>, 918 F.Supp. 98, 106 (S.D.N.Y. 1996) (discretion of court is broad).

Plaintiff-Intervenors' claim will not unduly delay the existing action.  <u>Daggett</u>, 172 F.3d at 113 (factors such as the complication and delay caused by the addition of parties is a permissible consideration in denying or allowing intervention).  Furthermore, if Plaintiff-Intervenors are not permitted to intervene, their interests will not be adequately represented and will likely be impaired.  The factual basis of the claims of the Plaintiff-Intervenors is exactly he same as pled in the Complaint, and all facts with respect to the liability of the Defendants are identical.

## <u>CONCLUSION</u>

For all of the foregoing reasons, Plaintiff-Intervenors respectfully request that this Court grant this <u>Motion to Intervene</u>.

Dated:  August 4, 2004

Plaintiff-Intervenors
By their attorneys,


_____S/_____
Charles P. Kazarian, P.C.
77 North Washington Street
Boston, Massachusetts 02114
(617) 723-6676
BBO: 262660


_____S/_____
Thomas L. Kummer
706 Brookdale Drive
Statesville, North Carolina 28677
N.C. State Bar No. 5708
(775) 338-3705

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on the 4th day of August, 2004 the attached

Complaint Of Plaintiff-Intervenors was served by delivering copies thereof to the United

States Post Office in envelopes properly addressed and First Class postage prepaid, which

envelopes were addressed as follows:

   Larry Ewers
   c/o Alan M. Spiro, Esq.
   Edwards and Angell, LLP
   101 Federal Street
   Boston, Massachusetts 02110

   Christopher Patrick Heron
   21 Dale House, Boundary Road
   London, NW8, United Kingdom

   Corporation Of The Bankhouse, Inc.
   Societe Bankhouse
   James F. Pomeroy
   11 Meadow Haven Drive
   Mashpee, Massachusetts 02649


       _____S/_____
       Charles P. Kazarian