**COMPANY**

**SEAL**

## CONTENTS OF APPENDICES TO MINUTES

THE FOLLOWING DOCUMENTS HAVE BEEN APPENDED TO THESE MINUTES:

A)   SPECIMEN SHARE CERTIFICATE

B)   BANKING RESOLUTION

**ATTACH SPECIMEN SHARE CERTIFICATE HERE**

# EXHIBIT 4

**LARRY EWERS**
13726 SUNTAN
CORPUS CHRISTI, TEXAS
361 949-8258

February 8, 2002

Alex Pladott
200000 Winnetka Place
Woodland Hills, California 91364

Also by fax: 818 594-5735

Dear Mr. Pladott:

I was extremely disappointed to learn that you took a telephone call from Mr.
Heron on February 6, 2002. We had a clear agreement that all
communication with Heron would take place exclusively through Mr.
Feldman. You, of all people should know Heron's game is to divide and
conquer and your allowing him to talk to you only benefits Heron, it cannot
benefit us.

The Settlement Agreement as Mr. Feldman informed me in a correspondence
dated January 30, 2002, (see attach) " speaks for itself and does not need me
to comment on it in correspondence". Your explanation as to why you should
continue to talk to Heron does not supercede the Agreement. This simply is a
business transaction which Heron did not fulfill his obligations as per our
contracts and as of January 17, 2002 admitted such in the Settlement
Agreement. I know of no U.S. Attorney that would be in favor of his client
talking directly to the Applicant. Your explanation for continuing to
negotiate with Heron I do not understand. You mention that he will make

more mistakes and we can use it at a later date, but at the same time when questioned about the Banktruptcy Petition I am told there will be no hearing for Heron to invent and propagate new lies. If in fact that is true where will we use this additional information?

We realize, as in any transaction involving more than one, there must be compromise. My group has faithfully abided by the agreement to refrain from any communication with Heron except through Mr. Feldman. On February 3, 2002 we wrote a letter to Mr. Feldman (see attach) in which we stated our concerns with continuing to correspond with Heron. We also gave clear instructions to proceed with the filing of the Petition for Bankruptcy and the appointment of a Interim Receiver. I cannot stress enough the importance we place on stopping corresponding with Heron and expeditiously file the Petition for Bankruptcy and the appointment of a Interim Receiver. We will not compromise on this.

If you cannot or have no intent to honor our agreement, I insist you let me know so we can proceed independently. This is a course of action we find distastful, but one we are prepared to take. I will inform Mr. Feldman as of February 8, 2002 you are not empowered to negotiate with Heron for the Cho-Liner Group. Heron is in breach of the Settlement Agreement dated January 17, 2002 and we will not allow him the opportunity to lie, obfuscate or go before the Court and claim he is not in breach of the Settlement Agreement due to the fact we are in continuing negotiation. The time for negotiation or correspondending with Heron is past and we need to proceed as our prior agreement.

I look forward to your response.

Sincerely,

Larry Ewers

cc: A.S. Feldman
    Larry Marchman
    Charles Sharman

# EXHIBIT 5

July 01, 2003


Alex Pladott
A&A Management Corp.
20000 Winnetka Place
Woodland Hills, California 91364


     Re:  Royal Falcon Group


Dear Mr. Pladott:

This letter is to express our surprise we find over a month later contacts between yourself and the Royal Falcon Group.  At no time have you mentioned you were in contact with any of the parties whose names surfaced as a result of the search and seizure conducted during the month of April of Mr. Heron's residence.  Last Friday I forward copies of emails sent out to those names Heron was either doing business with or attempting to do business.  At no time was I informed you were already in contact with any of the group emails were sent.

I have attempted to keep you informed of all activities I was engaged in to prevent any duplication from occurring.  In order for success we must have an open relationship and one where both parties are aware of each others activities.  To find this is not true on your part was most disappointing.  I must ask in the future both parties inform the other of their activities in order to insure each is aware of actions being taken by the other.

To have further discussions at this time will add nothing more.  As a result I will refuse to discuss the matter further.  In the event full disclosure is not adhered to will force us into a review of all agreements between the parties in effect at this time.  This union was created in order for all parties to maximize their claims against Mr. Heron and anything else demises our goals.  I trust in the future this issue will not reappear.


Sincerely,

Larry Ewers

# EXHIBIT 6

# ALEX PLADOTT

20000 WINNETKA PLACE
WOODLAND HILLS, CA 91364 USA
(818) 710-0804   FAX: (818) 594-5735  E-MAIL: SS4RE@AOL.COM

September 25, 2003

Mr. Peter Horstman
Fishman, Ankner & Horstman LLP
66 Long Wharf
Boston, MA 02110-3680
VIA FACSIMILE:  617-859-9998

RE:   Koan Investment Corporation

Dear Mr.Horstman

Attached via fax is a letter I sent to the Koan Investment Corporation on September 22, 2003.

I would appreciate it very much if you would forward the letter to the principals of the Koan Investment Corporation as I am not sure if I have their correct contact information.

Thank you very much.

Sincerely,


Alex Pladott

Enclosure

# ALEX PLADOTT

20000 WINNETKA PLACE
WOODLAND HILLS, CA 91364 USA
(818) 710-0804    FAX: (818) 594-5735    E-MAIL: SS4RE@AOL.COM

Friday, September 26, 2003

Koan Investment Corporation
EuroCanada Center, Fourth Floor
Malborough Street & Navy Lion Road
P.O. Box N-8220
Nassau, Bahamas

Dear Sir:

I represent a group of creditors of Bankhouse Inc. and James F. Pomeroy II.  I learned about your case #01-10962MLW in which you obtained a default judgment in the amount of USD$6,250,000 against Bankhouse Inc.

I would like to know if you would be interested in joining forces with us to collect your judgment at no cost to you.

I look forward to your positive response.

Sincerely,


Alex Pladott

# EXHIBIT 7

Dear Mr. Pladott:

Words cannot express my anger and frustration with you after you told me that you had sent faxes to Koan Investments and its lawyers without consulting me or copying me. The information about Koan Investments was obtained by my efforts at my expense and a copy was given to you only as a courtesy. You took it upon yourself to interfere without my permission in my on-going negotiations. You have no part in the efforts being undertaken in Massachusetts. I specifically offered you the opportunity to participate by paying your share of the expenses and you declined. Your behavior is inexcusable.

Moreover, this is not the first time that you have ignored your obligations to me and undertaken unilateral actions that could compromise our efforts to get our money. Nor is it the first time that you have evaded your obligation to pay your share of the expenses. I have not forgotten the shenanigans you and Feldman indulged in while pretending to pay your share of the London expenses. You have also falsely represented yourself to other parties as speaking for me. You do not represent me and never have and I have never given you any authority to speak to anyone for me.

This is not the first time your arrogance and obstinacy have led you to violate our understandings and agreements by acting without consultation, without informing me, and in direct violation of our agreements, but it will be the last. I refuse to allow you to continue to interfere in my efforts undertaken at my expense. I cannot continue to cooperate with you when you are unwilling to discipline yourself to act as a member of a team.

I demand that you cease and desist from any further interference in the Massachusetts proceedings or any contact with any third parties concerning my activities other than those directly involved in the London proceedings. I demand that you cease and desist from representing yourself as speaking for or having any authority with respect to me or the claims I have against Heron and others. Any future violation by you will result in my taking immediate legal action against you.

Yours very truly,

# EXHIBIT 8

# ALEX PLADOTT
## 20000 WINNETKA PLACE
### WOODLAND HILLS, CA 91364 USA
(818) 710-0804   FAX: (818) 594-5735   E-MAIL: SS4RE@AOL.COM

Tuesday, November 04, 2003

Robert Masud
60 State Street, Suite 700
Boston, MA
VIA FACSIMILE: 617-720-1052

RE:   USD $1,300,000 Note Issued by BankHouse, MA, USA and
Held by SA Red Cross, South Africa

Dear Mr. Masud:

I would like to thank you for your phone call this afternoon.  I have taken note
of your communication to me related to the above matter as follows:

1.  You represent the SA Red Cross Air Mercy Service, South Africa related
    to the letter I sent them dated October 27, 2003.
2.  SA Red Red Cross Air Mercy Service, South Africa does not hold any
    notes from BankHouse.
3.  There are hundreds of companies named BankHouse.
4.  You do not have any relationship with the BankHouse in MA or with
    James F. Pomeroy II

If the above does not reflect what you told me, please feel free to send me your
corrections.

Thank you very much.

Sincerely,

Alex Pladott

CC:   Larry Ewers

# MASUD & COMPANY

A LIMITED LIABILITY COMPANY
## ATTORNEYS-AT-LAW
### 60 STATE STREET
#### SUITE 700
BOSTON, MASSACHUSETTS 02109-1803
TEL: (617) 720-1010

FAX: (617) 720-1052

PAGE 1 of 2 PAGES (including cover sheet) DATED: 6 November 2003

TO: Alex Pladott

FAX: 818-710-0804

FROM: Robert Masud, Esq.

RE: Your letter directed to S.A. Air Mercy Service dated October 27, 2003

MESSAGE:

Please deliver to Mr. Pladott as soon as practicable.

Thank you in advance for your kind attention.

***CONFIDENTIALITY NOTICE***

The documents accompanying this FAX transmission contain information from MASUD & COMPANY, LLC which may be confidential or privileged under applicable law. The information is intended to be for the use of the individual or entity named above. If you are not the intended recipient, or such recipient's employee or agent, you are hereby notified that any dissemination, copy or disclosure of this communication is strictly prohibited. If you have received this communication in error, please notify us immediately at (617) 720-1010 and return the original transmission to us by mail, without making a copy. We will remit the cost of the postage to you by return mail. Receipt by anyone other than the intended recipient is not a waiver of any attorney-client or work-product privilege. Thank you.

# MASUD & COMPANY

A LIMITED LIABILITY COMPANY
ATTORNEYS-AT-LAW
60 STATE STREET
SUITE 700
BOSTON, MASSACHUSETTS 02109-1803
TEL: (617) 720-1010

FAX: (617) 720-1052

November 5, 2003

**BY FAX**
Mr. Alex Pladott
20000 Winnetka Place
Woodland Hills, CA 91364 USA

Dear Mr. Pladott:

Your letter of October 27th directed to Messrs. Marshall and Msengana of S.A. Red Cross Air Mercy Service has been directed to me for a response. Thank you for the kind offer of assistance.

Based upon our telephone conversation yesterday evening and the inaccuracies contained in your letter dated November 4th, it is clear to me that you cannot add any value to the S.A. Red Cross Air Mercy Service or their collection efforts. Your offer of assistance is hereby declined.

Should you have any questions or desire to communicate with S.A. Red Cross Air Mercy Service in the future, please direct any communications to the undersigned. With kind regards, I am,

Very truly yours,

DICTATED BUT MAILED
WITHOUT SIGNATURE OR
REVIEW TO AVOID DELAY

Robert Masud

**TRANSMITTED BY FAX TO: 818-710-0804**

RM:mmd
cc:    S.A. Red Cross Air Mercy Service
       Alan Spiro, Esq.

# ALEX PLADOTT

### 20000 WINNETKA PLACE
### WOODLAND HILLS, CA 91364 USA

(818) 710-0804  FAX: (818) 594-5735  E-MAIL: SS4RE@AOL.COM

Thursday, November 06, 2003

Mr. John Stone
General Manager, SA Red Cross Air Mercy Service
Cape Town International Airport, South Africa
VIA FACSIMILE: 011-27-21-934-8090

RE     Your USD $1,300,000 Note Issued by BankHouse, Boston, MA, USA
        My Letter to You Dated October 27, 2003

Dear Mr. Stone:

On November 4, 2003 I received an unexpected phone call from Robert Masud
related to the above matter.  Please see the attached faxed reiteration I sent to
him following his phone call to me.

As you may know, Mr. Masud is an associate of James F. Pomeroy II and as
such, it was a conflict of interest to let him represent you in the above matter.

The Corporation of BankHouse (COB) and its affiliates solicited investment
funds from many investors worldwide.  COB and Pomeroy illegally diverted
this investment money to other entities under their control.  They have
discouraged their creditors from filling legal complaints against them on the
grounds that they are now insolvent.

COB and their affiliates use every tactic possible in order to delay legal
complaints against them for as long as possible.  The following are a few
examples from our own experience and research:

1. COB and/or their affiliates offer to litigate and collect the stolen money from a third party on behalf of the investor.

2. COB and/or their affiliates offer to replace the overdue note with a new note with a larger face amount.

3. COB and/or their affiliates blame the loss of the invested money on bad investments without ever disclosing the details of the investments.

4. COB and/or their affiliates transfer funds between and among the affiliates.

5. COB and/or their affiliates give misleading information to investors.

6. COB and/or their affiliates claim they are out of business.

All of the above are delay tactics with the goal that the investor will eventually give up.

I have been unable to find any evidence in the appropriate data bases that Robert Masud filed a claim on your behalf against St. Frederikslund Holding (a Danish Holding company) in Boston, MA, USA. In any case, the court in Boston does not have jurisdiction in this matter.

Considering all the above, I am certain that you were unaware of the true situation and mistakenly employed Mr. Masud to assist you.

I absolutely agree that you should sue everyone who was involved with your investment, but, with all due respect, Mr. Masud is not the correct person to help you. If you continue to work with him, you will find that you lost valuable time and that your debt will have become uncollectible because other debtors will have already claimed or received all of the recovered hidden assets.

It may interest you to know that Mr. Masud gave me misleading details regarding your investment and relationship with him in order to discourage me from contacting you further.

I have put together a group of defrauded creditors and continue to try to add others in order to expose Pomeroy and his affiliates. We have found that there

is power in numbers and that we have a better chance at forcing COB, Pomeroy and his cohorts to fulfill their legal obligations when the court sees the true extent of their fraud.

Please let me know if you would like for me to assist you in the above matter.

Thank you.

Sincerely,


Alex Pladott

CC:   A. Marshall, Chairman
        Grant Thorton Kessel Feinstein, Auditors

# EXHIBIT 9

**lewers@stx.rr.com**

| | |
|---|---|
| **From:** | <lewers@stx.rr.com> |
| **To:** | <aspiro@edwardsangell.com> |
| **Cc:** | "Charley" <Charley@TXSoil.com> |
| **Sent:** | Monday, November 10, 2003 1:31 PM |
| **Subject:** | Re: Masud Meeting |

Mr. Spiro:

I was not aware of any such statements being made by Mr. Pladott concerning the meeting. I can assure you he will not be in attendance.

Any embarrassment caused by Mr. Pladott, I apologize for such. I will not burden you with the many problems caused by Mr. Pladott, but it is a work in progress. Due to the fact he represents the supporting creditors we find ourself in a difficult position at times.

Please assure Mr. Masud, Mr. Pladott will not be in the meeting on Wednesday.

I find myself having to thank you in advance for task you are asked to perform, most of which is a distraction from the reasons we engaged your firm and yourself. Once more I apologize for the problems Mr. Pladott has created, but with all honestly cannot state with any certainity it will be the last.

Best Regards,


Larry Ewers



—— Original Message ——
**From:** aspiro@edwardsangell.com
**To:** lewers@stx.rr.com ; Charley@TXSoil.com
**Sent:** Monday, November 10, 2003 12:52 PM
**Subject:** Masud Meeting


I sent Bob Masud the list of questions Charley had prepared, with a few of my own thrown in.

Masud just called me, once again to talk about Alex Pladott. He says Mr. Pladott is calling people at the South African Red Cross and suggesting that Masud has a conflict of interest, etc. etc. He also said that Pladott said he was going to be seeing him (Masud) on the 12th. I was a bit embarrassed because I thought that the two of you would be at our meeting, but I had no idea that anyone else would be. Please let me know if Mr. Pladott is in fact planning on attending our meeting. If so, I am not sure that Masud will welcome him, first because Masud perceives that Pladott is "making trouble" for him, and second because Masud agreed to meet with you two, not with anyone else.

Please let me know!

I have also sent the response documents off to Kathleen Stone; thanks for providing them, Charley.

_____

Alan M. Spiro

11/10/2003

# EXHIBIT 10



"Andrew Harrison"
<andrew_harrison@
wragge.com>

10/27/2004 04:20
AM

To: <aspiro@ealaw.com>, "Ian Weatherall"
<ICW@wragge.com>

cc:

Subject: Fwd: LARRY EWERS : boston

I have received this email.


The information in this e-mail is intended only for the named recipient and may be privileged or confidential. If you are not the intended recipient please notify us immediately and do not copy, distribute or take action based on this e-mail. If this e-mail is marked 'personal' Wragge & Co LLP is not liable in any way for its content.

Wragge & Co LLP is a limited liability partnership regulated by the Law Society of England and Wales.

For more information about Wragge & Co visit www.wragge.com
-------------------------------------------------------------------------
Wragge & Co LLP
55, Colmore Row
Birmingham
B3 2AS


----- Message from "Pladott, Alex" <alex@pladott.com> on Tue, 26 Oct 2004 18:41:06 +0100 -----

         To: <andrew_harrison@wragge.com
             >

  Subject: LARRY EWERS : boston
See attached PDF files

                    

exhibit 3 for docket entry 30.pdf   04cv10024 docket 30 liner's response.pdf   exhibit 1 for docket entry 30.pdf



exhibit 2 for docket entry 30.pdf

# EXHIBIT 11

| ATTORNEY OR PARTY WITHOUT ATTORNEY (NAME AND ADDRESS) | TELEPHONE NO. | FOR COURT USE ONLY |
|---|---|---|
| CHARLES SHARMAN<br>9 GREENWAY PLAZA, STE. 3040<br>HOUSTON, TX  77046 | (713) 655-1195 | |
| ATTORNEY FOR (NAME) | REFERENCE NUMBER<br>00261201-01 | |

Insert name of court, judicial district or branch court, if any, and post office and street address

*Texas*

SHORT NAME OF CASE
EWERS vs. PLADOTT

| DECLARATION RE DILIGENCE | DATE: | TIME: | DEPT/DIV: | CASE NUMBER:<br>2004-43354 |
|---|---|---|---|---|

I am and was on the dates herein mentioned over the age of eighteen years and not a party to this action;

I received the following documents on 08/26/04: CITATION; PETITION;

After due search, careful inquiry and diligent attempts at the following address(es), I have been unable to effect personal service of said process on:

Name: ALEXANDER PLADOTT

20000 WINNETKA PLACE
WOODLAND HILLS, CA 91364

| | | |
|---|---|---|
| 08/28/04 | 11:40 am | GATE LOCKED, UNABLE TO GAIN ACCESS TO THE FRONT DOOR. THERE ARE FOUR HOMES BEHIND GATE. DEFENDANT'S LAST NAME APPEARS ON INTERCOM FOR THIS ADDRESS. |
| 08/29/04 | 11:45 am | GATE LOCKED, UNABLE TO GAIN ACCESS TO THE FRONT DOOR. UNABLE TO SEE THE HOMES FROM BEHIND GATE. |
| 08/31/04 | 07:15 pm | GATE LOCKED, UNABLE TO GAIN ACCESS TO THE FRONT DOOR. NO ANSWER. |
| 09/03/04 | 06:30 pm | NO ANSWER AT DOOR (RESIDENCE). |
| 09/06/04 | 03:00 pm | NO ANSWER AT DOOR (RESIDENCE). |
| 09/09/04 | 06:40 pm | NO ANSWER AT DOOR (RESIDENCE). |
| 09/12/04 | 02:50 pm | GATE LOCKED, UNABLE TO GAIN ACCESS TO THE FRONT DOOR. NO ANSWER AT THE GATE. |
| 09/15/04 | | AFTER NUMEROUS ATTEMPTS, WE HAVE BEEN UNABLE TO EFFECT SERVICE OF PROCESS. PLEASE CONTACT OUR OFFICE WITH INSTRUCTIONS/INFORMATION. |
| 09/15/04 | 07:00 pm | GATE LOCKED, UNABLE TO GAIN ACCESS TO THE FRONT DOOR. NO ANSWER AT THE GATE. |

Fee for service:   $ 60.00   (CONTINUED ON NEXT PAGE)

Registered:    Los Angeles         County,
Number:              4409

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

on:             October 18, 2004



15759 Strathern Street
Van Nuys, CA  91406
(818) 787-0422 or (323) 873-4909

Signature: *Homayon Tagh*
Name: Homayon Taghavi

30X/00261201-01 **DECLARATION RE DILIGENCE**

| ATTORNEY OR PARTY WITHOUT ATTORNEY (NAME AND ADDRESS)<br>CHARLES SHARMAN<br>9 GREENWAY PLAZA, STE. 3040<br>HOUSTON, TX 77046 | TELEPHONE NO.<br>(713) 655-1195 | FOR COURT USE ONLY |
|---|---|---|
| ATTORNEY FOR (NAME) | REFERENCE NUMBER<br>00261201-01 | |

Insert name of court, judicial district or branch court, if any, and post office and street address

*Texas*

SHORT NAME OF CASE
EWERS vs. PLADOTT

| | DATE: | TIME: | DEPT/DIV: | CASE NUMBER:<br>2004-43354 |
|---|---|---|---|---|

## ATTACHMENT TO DECLARATION RE DILIGENCE

Continued...

| | | |
|---|---|---|
| 09/18/04 | 05:00 pm | GATE LOCKED, UNABLE TO GAIN ACCESS TO THE FRONT DOOR. NO ANSWER AT THE GATE. |
| 09/21/04 | 06:30 pm | GATE LOCKED, UNABLE TO GAIN ACCESS TO THE FRONT DOOR. NO ANSWER AT THE GATE. |
| 09/25/04 | 02:00 pm | NO ANSWER AT DOOR (RESIDENCE). |
| 09/28/04 | 07:35 pm | NO ANSWER AT DOOR (RESIDENCE). BLINDS BY THE FRONT DOOR ARE OPEN. LOOKED LIKE AN OFFICE INSIDE WITH MANY DOCUMENTS STACKED ON THE TABLE. NO LIGHTS ON INSIDE. |
| 10/01/04 | 06:30 pm | NO ANSWER AT DOOR (RESIDENCE). |
| 10/04/04 | 05:40 pm | NO ANSWER AT DOOR (RESIDENCE). |
| 10/07/04 | | AFTER NUMEROUS ATTEMPTS, WE HAVE BEEN UNABLE TO EFFECT SERVICE OF PROCESS. PLEASE CONTACT OUR OFFICE WITH INSTRUCTIONS/INFORMATION. |
| 10/07/04 | 09:40 pm | GATE LOCKED, UNABLE TO GAIN ACCESS TO THE FRONT DOOR. |
| 10/11/04 | 07:15 am | NO ANSWER AT DOOR (RESIDENCE). |
| 10/14/04 | 08:55 pm | GATE LOCKED, UNABLE TO GAIN ACCESS TO THE FRONT DOOR. |
| 10/17/04 | 09:00 am | GATE LOCKED, UNABLE TO GAIN ACCESS TO THE FRONT DOOR. |
| 10/18/04 | | DOCUMENTS RETURNED TO THE CLIENT UNSERVED. |

Fee for service: $ 60.00

Registered: Los Angeles County,
Number: 4409

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

on: October 18, 2004



15759 Strathern Street
Van Nuys, CA 91406
(818) 787-0422 or (323) 873-4909

Signature: *Homayon Tag*
Name: Homayon Taghavi

# EXHIBIT 12

# ALEX PLADOTT

20000 WINNETKA PLACE
WOODLAND HILLS, CA 91364 USA
(818) 710-0804   FAX: (818) 594-5735   E-MAIL: SS4RE@AOL.COM

Monday, March 15, 2004

Nicholas Pike, Esq.
Lawrence Graham Solicitors
190 Strand, London WC2R1JN
Via Fax:        011-44-207-173-8721

RE: Tony Feldman – Bona Fides

Dear Mr. Pike:

The complaint that Tony Feldman filed against the Trustee Malcolm Harris contains three unfounded allegations. The Institute noted that its task is to identify and investigate all matters of concern, irrespective of their origin.

I invite you to consider the following response on Malcolm's behalf:

1. Mr. Feldman is not acting on behalf of any of the creditors. This is a legal issue that does not fall within in the scope of the Institute's jurisdiction.
2. Mr. Harris is not in breach of the insolvency regulations as no assets have ever been recovered or deposited in any bank account.
3. Mr. Harris is not obligated to provide any information to Mr. Feldman. Nevertheless, Mr. Harris does not have any records of any such legal proceedings.

You may want to disclose part of Mr. Feldman's background to the Institute so they will understand that he is not credible.

1. Mr. Feldman himself is the source of the unfounded allegations regarding the legal proceedings in the US and Canada. He concocted the story in a memo to Garcia Martin, the firm that purchased his law firm, Anthony Feldman & Co. Mr. Feldman himself told me he did this to show Garcia

Martin that he had important clients and that he knew that Garcia Martin would not do any due diligence.

2. The institute should require Mr. Feldman to submit the reasons why he was struck off the roll of solicitors, together with all the complaints from former clients that were submitted to the Law Society. This will give the Institute an idea regarding Mr. Feldman's integrity and credibility.

3. Mr. Feldman was acting as the instructing solicitor for the Trustee, Mr. Harris, until the time the Law Society struck him off. He failed to disclose this in his complaint to the Institute. His complaint is actually related to his own actions while he was acting as Mr. Harris' solicitor.

I hope the above will be helpful to you in addressing this matter.

Thank you.

Sincerely,


Alex Pladott
Cc:   Malcolm Harris
        Larry Ewers

# EXHIBIT 13

(1)

# ALEX PLADOTT
### 20000 WINNETKA PLACE
### WOODLAND HILLS, CA 91364 USA
(818) 710-0804   FAX: (818) 594-5735   E-MAIL: SS4RE@AOL.COM

Tuesday, March 16, 2004

Nicholas Pike, Esq.
Lawrence Graham Solicitors
190 Strand, London WC2R1JN
Via Fax:       011-44-207-173-8721

RE: CP Heron in Bankruptcy – Your letter dated March 15, 2004

Dear Mr. Pike:

Thank you for your letter dated March 15, 2004. Our response to the outstanding issues you raised is as follows:

1. Banking Arrangements
   1.1. The agreement dated January 22, 2003 speaks for itself. We confirm that no further steps will be taken in relation to opening an account without reference to Malcolm, as required in the agreement.
2. Litigation in the United States
   2.1. Please refer to the letter dated December 23, 2003 that Mr. Ewers sent to Malcolm followed by numerous letters and documents sent to you by Mr. Spiro on the same issue.
   2.2. The proceeding claimed that any assets held in constructive trust and are under UK law by definition cannot fall into the bankruptcy estate.
   2.3. Your speculation about a possibility of a different finding by the court other than what Mr. Ewers claimed, is baseless. Your proposal to secure an undertaking to a hypothetical situation does not make sense!
   2.4. Do you not agree that all of us, including you and Malcolm, must do everything legally possible in order to maximize the recovery for the creditors?
   2.5. You indicate that there are many references to proceedings in the US and Canada. Please forward them to us. I hope that you are not referring to rumors started from Mr. Felman.