UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

_____
                                    )
LARRY EWERS,                        )
                                    )
    Plaintiff,                      )
                                    )
    v.                              )   CIVIL ACTION NO.
                                    )   04-10024-RWZ
                                    )
HOWARD EUGENE LINER, CREDITORS      )
COMMITTEE OF THE BANKRUPTCY ESTATE  )
OF CHRISTOPHER PATRICK HERON, AH PING)
BAN, FLAMECREST ENTERPRISES LIMITED )
TRUST, BALZ RUDOLPH WOLFENSBERGER   )
TRUST,                              )
                                    )
    Plaintiff-Intervenors,          )
                                    )
    v.                              )
                                    )
CHRISTOPHER PATRICK HERON,          )
CORPORATION OF THE BANKHOUSE, INC., )
SOCIETE BANKHOUSE, and              )
JAMES F. POMEROY, II,               )
                                    )
    Defendants.                     )
_____)

## POST-HEARING MEMORANDUM IN SUPPORT OF MOTION TO INTERVENE OF ALL PROPOSED INTERVENORS

Intervenors hereby file this post-hearing memorandum. There was a hearing on the <u>Motion to Intervene</u> of the two groups of proposed Plaintiff-Intervenors ( Liner; and Pladott as fiduciary of Ban, Flamecrest and Balz Wolfenberger), each of whom had filed a separate Supplemental Memorandum a week prior to the hearing.

At the hearing, it appeared that the court might be of the view that this litigation was over, and that Rule 24 therefore was not applicable. An action is not over until it is withdrawn or a judgment has been rendered. In any event, if the Court sees fit to deny any party's <u>Motion to Intervene</u>, the court is respectfully requested to make specific rulings as to why Rule 24 does not apply, or how plaintiff-intervenors have not met the legal standards for intervention.

Also, the Court is asked to consider that at the hearing, in the written response to the supplemental memoranda of plaintiff intervenors filed by plaintiff Ewers, Ewers denies the existence of any litigation in New York and Canada. The Court is asked to take note that Ewers does not support this assertion by affidavit, and that he *cannot* do so, because in a series of emails which are before the court as Exhibits A, B and J to the Affidavit of Alexander Pladott, Exhibit 1 to <u>Supplemental Memorandum In Support Of Motion To Intervene Of Ah Ping Ban, Flamecrest Enterprises Limited Trust, Balz Rudolph Wolfensberger Trust, And response To Plaintiff's Opposition</u>, Ewers affirmatively led Pladott to believe that there *was* active litigation in those jurisdictions. The court is urged to compare those assertions by Ewers to his current position.

Undersigned counsel accepts the word of Attorney Spiro that he knows nothing of any litigation in New York and Canada, as Attorney Spiro has been candid with counsel about this from the beginning. It is Mr. Spiro's *client* who seems to change his story on the seminal issue of whether he is withholding information about New York and Canada, yet hides behind Mr. Spiro by failing to supply an affidavit to the Court.

Unfortunately, Mr. Spiro chose to attack undersigned counsel for referring to Ewers in an earlier informal hearing as a "collection agent" for the Heron creditors. Yet neither he nor his client have ever denied that whatever rights Ewers has to go after Heron's money were obtained from Liner, via the "Compensation Agreement" and the Power of Attorney. In essence, Ewers (or EPD) agreed to help Liner collect his Heron debt in exchange for a piece of the action. Obviously, Ewers was to fund the entire effort on Liner's behalf, since Liner was broke and in prison. The rights of Pladott's group have nothing whatsoever to do with Ewers or Liner, except that, like all of the parties to the hoped –for recovery against Heron-held assets, they have agreed to share it (no matter who does what work to obtain it), and have agreed to permit pro rata expense recovery against each other. That Pladott in his fiduciary capacity was relying upon and working with Ewers to collect the Heron funds located on this continent has not been contested. Counsel does not understand Mr. Spiro's attack on this point.

At the hearing, Ewers' counsel also asserted that it would not be fair to permit intervention because Ewers has done all the legal work on the case. The effective legal work so far seems to consist primarily of filing a complaint to which no answer was ever made by any of the defendants. Moreover, undersigned counsel will continue to represent plaintiff intervenors in this action, so there is no issue of burdening Ewers with additional legal fees. Moreover, the Court is urged to keep in mind that none of the intervenors are interested in seeing Ewers receive any less than he has bargained for.

Ewers also argued that the Texas litigation filed by Ewers to extinguish Liner's rights to any Heron recovery, and the separate Texas litigation filed by Ewers to extinguish Pladott's (as fiduciary) rights to any Heron recovery, somehow preclude the

3

right of Liner and Pladott to intervene. The Court cannot consider the merits of that litigation. It seems clear that Ewers cannot assert the existence of Texas actions *that have not even been litigated yet* as a bar to direct, new filing by intervenors of a separate Massachusetts action against Heron, and there is no reason to grant him that bar just because the procedural status here is not a new filing but a motion to intervene. To deny the motion to intervene based upon allegations asserted by Ewers in Texas would unfairly credit those allegations, and would significantly prejudice the intervenors. On the other hand, if intervention is allowed, Ewers will not be prejudiced because if he somehow obtains a judgment in Texas, the Massachusetts judgment is always susceptible to a motion to amend on proper grounds.

Ultimately, the judgment against Heron that will be rendered by this Court will have consequences that reach far beyond Massachusetts. All the plaintiff-intervenors seek is their legal right to be parties in this case, *at their own expense*, and to assist in proposing the judgment that has the greatest likelihood of treating fairly all of the creditors of the common defendant, Heron, and so notifying the world.

Dated: November 1, 2004

PLAINTIFF-INTERVENORS
By their attorney,
LAW OFFICES OF
CHARLES P. KAZARIAN, P.C.

/s/Charles P. Kazarian
_____
Charles P. Kazarian
BBO#262660
77 North Washington Street
Boston, MA  02114
(617) 723-6676

4

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on this day the forgoing was served by delivering copies thereof to the United States Post Office in envelopes properly addressed and First Class postage prepaid, which envelopes were addressed as follows:

>Alan M. Spiro, Esq.
>Edwards and Angell, LLP
>101 Federal Street
>Boston, Massachusetts 02110
>
>Christopher Patrick Heron
>21 Dale House, Boundary Road
>London, NW8, United Kingdom
>
>Corporation Of The Bankhouse, Inc.
>Societe Bankhouse
>James F. Pomeroy
>11 Meadow Haven Drive
>Mashpee, Massachusetts 02649

/s/ Charles P. Kazarian

_____
Charles P. Kazarian