UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

_____
                                            )
LARRY EWERS,                                )
                                            )
    Plaintiff,                              )
                                            )
    v.                                      )   CIVIL ACTION NO.
                                            )   04-10024-RWZ
                                            )
HOWARD EUGENE LINER, CREDITORS              )
COMMITTEE OF THE BANKRUPTCY ESTATE          )
OF CHRISTOPHER PATRICK HERON, AH PING       )
BAN, FLAMECREST ENTERPRISES LIMITED         )
TRUST, BALZ RUDOLPH WOLFENSBERGER           )
TRUST,                                      )
                                            )
    Plaintiff-Intervenors,                  )
                                            )
    v.                                      )
                                            )
CHRISTOPHER PATRICK HERON,                  )
CORPORATION OF THE BANKHOUSE, INC.,         )
SOCIETE BANKHOUSE, and                      )
JAMES F. POMEROY, II,                       )
                                            )
    Defendants.                             )
_____)

**JUDGMENT**

All defendants having defaulted in this action, it is hereby ordered and adjudged as follows:

Judgment shall enter on behalf of Plaintiff Larry Ewers in his name and on behalf of his principal, Howard Eugene Liner, jointly and severally against Christopher Patrick Heron, Corporation of the Bankhouse, Inc., Societe Bankhouse and James F. Pomeroy, II in the principal sum of Five Billion Nine Hundred Forty Thousand ($5,940,000,000.00)

Dollars, together with statutory interest to be calculated thereupon from January 5, 2004, and subject to the following terms and conditions:

    1. This Court shall retain jurisdiction of all efforts by Plaintiff Larry Ewers to collect this <u>Judgment</u> against any and all of the Defendants, and against any and all assets which may be found to belong to any and all Defendants, wherever such assets may be located in the world.

    2. This <u>Judgment</u> may not be assigned by Plaintiff Larry Ewers without the prior written approval of this Court, with advance notice to the following:

Charles P. Kazarian, Esq.      Thomas Kummer, Esq.
77 N. Washington Street      706 Brookdale Drive
Boston, MA 02114      Statesville, NC 28677

Alex Pladott
20000 Winnetka Place
Woodland Hills, CA 91364

    3. Plaintiff is hereby prohibited from collecting or disbursing any funds within the scope of this judgment without prior written approval of this Court on motion with seven days notice to:

Charles P. Kazarian, Esq.      Thomas Kummer, Esq.
77 N. Washington Street      706 Brookdale Drive
Boston, MA 02114      Statesville, NC 28677

Alex Pladott
20000 Winnetka Place
Woodland Hills, CA 91364

    4. In the event that Plaintiff Larry Ewers is aware of or shall in the future become aware of any assets outside Massachusetts against which this <u>Judgment</u> may be enforceable or used as the basis of a legal action and or settlement to recover such assets,

Plaintiff Larry Ewers and counsel shall forthwith so notify this Court and the individuals set forth in Paragraph 2 above.

      5. In the event that Plaintiff Larry Ewers is aware of or shall in the future become aware of any assets outside Massachusetts against which this <u>Judgment</u> may be enforceable or used as the basis of a legal action and/or settlement to recover such assets, Plaintiff Larry Ewers shall immediately notify a) all counsel representing him; and b) the court or courts which have local jurisdiction over such assets that this Court retains jurisdiction over Plaintiff Larry Ewers' collection efforts against Defendant Christopher Heron. Such notifications shall include delivery of a copy of this <u>Judgment</u>.

      6. Plaintiff Larry Ewers and all counsel who now represent him in any jurisdiction, and all future counsel, are hereby ordered to direct any and all banks, financial institutions, trustees, fiduciaries and the like, that are voluntarily or by order of any court prepared to pay over any funds in response to any collection efforts by Plaintiff Larry Ewers, to pay over all such funds exclusively to this Court.

      7. This Judgment is binding upon Plaintiff Larry Ewers and all counsel on his behalf.

Dated:                                                           _____
                                                          Zobel, J.
                                                          United States District Court