UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

_____
                                              )
LARRY EWERS,                                  )
                                              )
    Plaintiff,                                )
                                              )
    v.                                        )   CIVIL ACTION NO.
                                              )   04-10024-RWZ
                                              )
HOWARD EUGENE LINER, CREDITORS                )
COMMITTEE OF THE BANKRUPTCY ESTATE            )
OF CHRISTOPHER PATRICK HERON, AH PING         )
BAN, FLAMECREST ENTERPRISES LIMITED           )
TRUST, BALZ RUDOLPH WOLFENSBERGER             )
TRUST,                                        )
                                              )
    Proposed Plaintiff-Intervenors,           )
                                              )
    v.                                        )
                                              )
CHRISTOPHER PATRICK HERON,                    )
CORPORATION OF THE BANKHOUSE, INC.,           )
SOCIETE BANKHOUSE, and                        )
JAMES F. POMEROY, II,                         )
                                              )
    Defendants.                               )
_____)

### OPPOSITION OF PROPOSED PLAINTIFF-INTERVENORS TO PLAINTIFF'S MOTION TO STRIKE PROPOSED FORM OF FINAL JUDGMENT SUBMITTED BY PROPOSED INTERVENORS

Proposed plaintiff-intervenors ("proposed intervenors") hereby oppose <u>Plaintiff's Motion To Strike Proposed Form of Final Judgment Submitted By Proposed Intervenors</u>, and as grounds for their opposition, they state through counsel as follows:

1. It is undersigned counsel's recollection that the Court, after having the opportunity to evaluate the detailed affidavit and numerous exhibits submitted by proposed intervenors in their supplemental memoranda in support of their motion to

intervene, and after hearing argument, expressed from the bench a possible mechanism for addressing the core concerns expressed by proposed intervenors, namely, that this Court would in effect retain jurisdiction over Ewers' future collection efforts on any judgment rendered by this Court.

2. Proposed intervenors' concern, as expressed to the Court in great detail, supported by affidavit, is that Ewers will use an incompletely supervised judgment solely for his own benefit, to collect the Heron funds which for years he has claimed do exist (and indeed are the subject of litigation he said he filed), see, Exhibits A, B and J to the Affidavit of Alexander Pladott, Exhibit 1 to Supplemental Memorandum In Support Of Motion To Intervene Of Ah Ping Ban, Flamecrest Enterprises Limited Trust, Balz Rudolph Wolfensberger Trust, And response To Plaintiff's Opposition, and which Ewers now asserts through counsel, without supporting affidavit, do not exist. See, Plaintiff's Supplemental Brief In Opposition To Plaintiff-Intervenors' Motion To Intervene, Section D., p.12. Proposed intervenors believe in good faith that this contradiction by Ewers may have been a basis for the Court to suppose that justice and fairness require that there be some supervision of Ewers' collection efforts in this matter.

3. The proposed judgment is an attempt by proposed intervenors to offer the Court language for a reasonable, reasonably detailed mechanism to project whatever degree of supervision the Court feels is warranted under the circumstances, without causing Ewers any undue hardship. Should the Court see fit to adopt the proposed judgment, Ewers retains the control he says he has earned, that the Court has endorsed by denying the motion to intervene, but which the Court nevertheless believes should remain in some fashion subject to the authority of this Court. There is nothing substantively improper,

unfair or unduly burdensome about the proposed judgment, and if there is Ewers did not see fit to address it in his motion to strike.

    4. The judgment proposed by Ewers leaves many loop-holes and invites more litigation. For example, under his proposed judgment Ewers could still collect money and not disburse it at all. When Ewers goes outside Massachusetts to collect the judgment, he will not have Massachusetts counsel at his side. Thus Ewers could all too easily control the flow of information to this Court in a manner that could unfairly impair the interests of proposed intervenors. There has to be some meaningful, detailed directive from this Court to outside counsel as to what is expected, and Ewers proposed judgment does not accomplish that goal.

    The Court is urged not to strike the proposed judgment submitted by proposed intervenors, but instead to import into the judgment of the Court the reasonable controls that are reflected in the proposed judgment.

Dated: November 12, 2004        Proposed Plaintiff-Intervenors
                                         By their attorney,

                                         /S/Charles P. Kazarian
                                         _____
                                         LAW OFFICES OF
                                         CHARLES P. KAZARIAN, P.C.
                                         Charles P. Kazarian
                                         BBO#262660
                                         77 North Washington Street
                                         Boston, MA  02114
                                         (617) 723-6676