UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

LARRY EWERS,                                         )
                                                     )
        Plaintiff,                                   )
                                                     )
        v.                                           )      CIVIL ACTION NO.
                                                     )      04-10024-RWZ
CHRISTOPHER PATRICK HERON,                           )
CORPORATION OF THE BANKHOUSE, INC.,                  )
SOCIETE BANKHOUSE, and                               )
JAMES F. POMEROY, II,                                )
                                                     )
        Defendants.                                  )
                                                     )

**Defendant Christopher Patrick Heron's Motion To Dismiss For Lack Of**

**Jurisdiction; Motion To Set Aside Default; and Motion To Dismiss For Lack Of**

**Real Parties In Interest**

Now comes Defendant Christopher Patrick Heron, pro se, and moves the Court to

dismiss the case for lack of subject matter jurisdiction, and in the alternative to set aside

the Default entered against Defendant pursuant to Rule 60 of the Federal Rules Of Civil

Procedure and dismiss the case for failure to be prosecuted in the name of the real party

in interest in accordance with Rule 17 of the Federal Rules Of Civil Procedure. In

support of Defendant's Motion, Defendant shows unto the Court the following:

<u>Lack Of Subject Matter And Personal Jurisdiction</u>

1.      This case was brought by Larry Ewers, a citizen and resident of the State of

Texas.

2.    I have brought to the attention of this Court by filing my letter to Mr. Spiro of July 22, 2004 that there has never been adequate service of process on me and that the Court does not have proper jurisdiction. My letters were filed with the Court on July 29, 2004.

3.    Article III of the United States Constitution requires that before this Court may take jurisdiction over the claims asserted in this case it must be shown that there is a controversy between the parties. There is no case or controversy between me and Plaintiff Larry Ewers because Ewers is not now and never has been a creditor of mine, has never filed any claim in my Bankruptcy pending before the High Court Of Justice In Bankruptcy in the United Kingdom, and has no authority to assert the claims of third parties against me.

4.    Nowhere in the Complaint does Ewers assert that he has any claim against me. In paragraph 22 of the Complaint Ewers states that he is asserting claims on behalf of Howard Liner under a Power Of Attorney. In paragraph 10 of the Complaint Ewers alleges a Settlement Agreement dated January 17, 2002 in which he claims I acknowledged a debt to Liner (paragraph 11) and that alleged debt is the basis of the claim upon which the case is brought. However, Ewers was not a party to the Settlement Agreement and he does not allege that he has any interest in the Settlement Agreement or the debt allegedly acknowledged in it. In paragraph 24 Ewers makes clear it is the purported claims of Liner, not any claim by Ewers, that underlies the claims asserted. The purported causes of action include claims of tortuous interference with the Settlement Agreement, to which Ewers is not a party; fraud and conspiracy to conceal assets from Ewers who has not alleged any interest in such assets; a constructive trust for

2

Ewers when no claim of Ewers is asserted against me or any assets; and unfair business practices when Ewers has not alleged any right against me whatsoever.

5.     Larry Ewers lacks standing to proceed against me in this Court on his own behalf. Liner has denied to this Court that Larry Ewers has his authority to proceed and has unsuccessfully attempted to intervene over the objection of Ewers in this case claiming Larry Ewers does not represent him. To have standing Larry Ewers must have sustained an injury-in-fact to himself, be closely related to the nonparty whose rights are asserted, and there must be some significant obstacle that impedes the nonparty's assertion of his own rights. Powers v. Ohio, 111 S.Ct. 1364, 499 U.S. 400, 113 L.Ed.2d 411 (1991). The Power of Attorney which Larry Ewers claims gives him the right to assert the claims of Liner does not authorize Ewers to sue me outside of the Bankruptcy Proceeding in the United Kingdom. There is no impediment to the third party, in this case Liner, asserting his claims against me. Ewers is not acting on behalf of the creditors who have asserted claims against me in the Bankruptcy pending in the United Kingdom or who were parties to the Settlement Agreement which is the alleged basis of the claims asserted in this case.

6.     Although not in the Complaint, Ewers has asserted in other documents before this Court that a company in which he has an interest has an interest in some portion of Liner's claims, yet that company is not a plaintiff in this case. Clearly Ewers cannot assert any interest in any claim against be by virtue of his interest in a company which ay have claims against me. Searcy v. Houston Lighting & Power Co., 907 F.2d 562 (5th Cir. 1990).

7.     Ewers has failed to allege facts and cannot allege facts which will show sufficient injury-in-fact to satisfy the Article III case or controversy requirement, and this Court has

no jurisdiction to render a judgment in this cause. Furthermore, proper service was not made on me to grant this Court personal jurisdiction over me, and I do not by filing this Motion consent or subject myself to the personal jurisdiction of this Court.

### Set Aside Of Default

8.    Rule 60(b)(3) provides relief from a judgment or order obtained by fraud, misrepresentation, or other misconduct of an adverse party. The Default in this case was procured by fraud, misrepresentation and misconduct of Ewers and his counsel.

9.    I have meritorious defenses to this case because it is not brought by a party in interest and the Court has no jurisdiction. Additionally, Ewers has not been authorized by the Bankruptcy Court to pursue claims against me outside of the Bankruptcy.

10.    The Default was supported by an Affidavit of Alan M. Spiro. There are a variety of misrepresentations in paragraph 12 of the Affidavit:

A.    The terms of the Settlement Agreement dated January 17, 2002 are misrepresented by the statement in the Affidavit paragraph 15 that "Heron's failure to pay the Settlement Sum by the Payment Date, without more, rendered the entire $1,980,000,000 due and payable to Ewers on January 25, 2002. This assertion constitutes a misrepresentation for the following reasons:

i.    Paragraph 3.3 of the Settlement Agreement is not a determination of debt but a recital in a contract intended to settle certain issues short of litigation. The claims of Liner have subsequently been presented to the Bankruptcy Trustee in the United Kingdom but there has been no determination in the Bankruptcy Proceeding of their validity. The Settlement Agreement does not establish any claim with respect to the purported Liner Debt except in accordance with its terms. If there has been a breach

4

of the Settlement Agreement, the remedy for such breach is limited to the remedy granted under the Settlement Agreement, and the claimed indebtedness remains unadjudicated on its merits. If I have breached the Settlement Agreement, which I deny, such a breach does not make the purported Liner debt due and payable under the terms of the Settlement Agreement. .

        ii.     Paragraph 4.1 of the Settlement Agreement required me to remit the 'Settlement Sum" defined as 70% of my net worth. Ewers denies that I have any assets and claims that he knows of no funds I have not disclosed or paid over under the Settlement Agreement. It is clear from Ewers assertions that the value of any interest I may have had in Syndicate 150, my only significant asset disclosed under the Settlement Agreement, is zero. Therefore, it has never been shown and no tribunal has ever determined that I am in breach of the Settlement Agreement, including the High Court of Justice in Bankruptcy, and no claims of any of the purported creditors listed in the Settlement Agreement have ever been approved or accepted by the Bankruptcy Court.

        iii.     Paragraph 5 of the Settlement Agreement limits the rights of any party to enforce the Settlement Agreement. There it simply states that the only result of my breach of the Settlement Agreement is that if it is found that my net worth exceeds that disclosed by me as of January 15, 2002 amounts due under the Cho/Liner debt and others "shall immediately become due and payable". In this Court Ewers has asserted that he knows of no assets of mine, and there is no assertion that my actual net worth was understated. In fact, it has been asserted by Ewers that my net worth was overstated, but in no event has Ewers asserted that he can establish that my net worth exceeds that

disclosed by me as of January 15, 2002. Therefore, the Settlement Agreement does not by its terms make the Liner Debt due and payable as asserted in the Affidavit.

      iv.    The Settlement Agreement is governed by the laws of England and Wales, and in paragraph 8.7 it is made clear that the parties have limited the jurisdictions which can adjudicate a breach of the Settlement Agreement to the courts of England and Wales. This Court cannot adjudicate a breach of the Settlement Agreement, and cannot render a judgment based on asserted rights pursuant to an unsubstantiated breach of the Settlement Agreement because the parties have selected the courts of England and Wales as the proper jurisdiction for such adjudication.

      v.    There is nothing in the Settlement Agreement that makes anything payable to Ewers, and to state that even if there is a breach of the Settlement Agreement and even if such breach results in a claim, it is a misrepresentation to say that a breach gives rise to a claim against me by Ewers or that any debt I may have to Liner is payable to Ewers.

      B.    In paragraph 12 of that Affidavit it is stated that Ewers "became and remains the sole and exclusive attorney-in-fact for Liner with respect to, among other matters, all of Liner's rights under the Agreement". This statement is misleading because the purported "Exclusive Power of Attorney And Mandate" does not give Ewers the power or authority to bring this action against me in this Court and Liner has specifically denied he has given such a power to Ewers. By its terms the Power of Attorney grants only the authority stated as follows: "To do any and every act...for conducting any and all business transactions...relating to contracts, litigations, claims and causes of action asserted against Christopher Patrick Herron before the Court in the above-referenced

matters..." The "Court" is clearly the High Court Of Justice In Bankruptcy of the United Kingdom and not this Court.

Ewers is not now, nor has he ever been, a creditor of mine, and he does not allege in the Complaint and it is not alleged in the Affidavit that he has any claim against me. Ewers claims to be acting for Liner, but Liner denies Ewers is doing so and the Power of Attorney attached to the Affidavit does not grant Ewers the right to act for Liner in this Court.

C.    In paragraph 18 of the Affidavit it is alleged that Heron has admitted liability to Ewers in the Settlement Agreement and the list of creditors in the United Kingdom. That is simply not true. I have never admitted any liability to Ewers either in the Settlement Agreement or in the United Kingdom..

<u>Real Party In Interest</u>

11.    In accordance with Rule 17(a) of the Federal Rules of Civil Procedure "every action shall be prosecuted in the name of the real party in interest". Who has an interest is determined by the governing substantive law.

12.    The basis for each and every claim set forth in the Complaint is the Settlement Agreement. The Settlement Agreement is governed by the laws of England and Wales. No substantive right is granted under the laws of England and Wales under the Settlement Agreement to the remedies sought in this case against me and Ewers has no right of any kind or description under the Settlement Agreement against me.

13.    Ewers claims in the Complaint paragraph 22 that he is not the real party in interest and alleges he is acting on behalf of Liner who is the real party in interest.

7

14.    Liner has been excluded from the case and therefore there remains no real party in interest to pursue any claims against me. The case should be dismissed for lack of a real party in interest plaintiff. The possible joinder of Liner, the real party in interest, has now been foreclosed by the Court's ruling that Liner cannot intervene as a party plaintiff.

Defendant asks the Court for the following;

1.    Defendant asks the Court to find that the Court lacks subject matter and personal jurisdiction.

2.    Defendant asks the Court to set aside any Order or Judgment rendered in reliance on the Affidavit of Alan Spiro.

3.    Defendant asks the Court to dismiss the case for lack of a real party in interest.

4.    Defendant asks the Court for any other relief which the Court may deem appropriate.

Christopher Patrick Heron, pro se

Dated: November 16, 2004

8

## Certificate of Service

The undersigned hereby certifies that on the 16th day of November, 2004 the attached

Motion was served by delivering copies thereof to the Post Office in envelopes properly

addressed and First Class postage prepaid, which envelopes were addressed as follows:

Larry Ewers
Alan M. Spiro, Esq.
Edwards and Angell, LLP
101 Federal Street
Boston, Massachusetts 02110

Corporation Of The Bankhouse, Inc.
Societe Bankhouse
James F. Pomeroy
11 Meadow Haven Drive
Mashpee, Massachusetts 02649

Christopher Patrick Heron, pro se