**U.S. Department of Justice**

*United States Attorney*
*District of Minnesota*

| | |
|---|---|
| *600 United States Courthouse* | *(612)664-5600* |
| *300 South Fourth Street* | |
| *Minneapolis, MN 55415* | |
| *www.usdoj.gov/usao/mn* | |

December 10, 2004

Clerk of Court
Attn: Lisa Urso
United States District Court
District of Massachusetts
1 Courthouse Way - Suite 2300
Boston, MA 02210

    Re: Larry Ewers v. Christopher Patrick Heron, et al.
        Civil No. 04-10024(RWZ)

Dear Ms. Urso:

    Pursuant to 28 U.S.C. § 1963, enclosed for filing in the above-captioned case is a certified copy of a Judgment and a Temporary Restraining Order in the matter of <u>U.S. v. Howard Eugene Liner</u>, District of Minnesota (Criminal No. 03-78(ADM/AJB); Civil No. 03-948(MJD/JGL)). This filing is being made to protect the interests of the United States in the civil case currently before your Court.

    If you have any questions or need additional information, please feel free to contact me.

                                      THOMAS B. HEFFELFINGER
                                      United States Attorney

                                        BY: GREGORY G. BROOKER
                                        Assistant U.S. Attorney

GGB:dm

Enclosures

AO 245B (Rev. 3/01) Sheet 1 - Judgment in a Criminal Case

# United States District Court
### District of Minnesota

UNITED STATES OF AMERICA
v.
**HOWARD EUGENE LINER**

**JUDGMENT IN A CRIMINAL CASE**
(For Offenses Committed On or After November 1, 1987)
Case Number: **03-78(1)(ADM/AJB)**
Timothy Anderson
Defendant's Attorney

**THE DEFENDANT:**

[X]   was found guilty on counts **1-18 and 20** after a plea of not guilty.
Accordingly, the court has adjudicated that the defendant is guilty of the following offenses:

| Title & Section | Nature of Offense | Date Offense Concluded | Count Number(s) |
|---|---|---|---|
| 18 USC 1001 | False Statements | 10/21/02 | 1 |
| 18 USC 1343 | Wire Fraud | 07/99-03/03 | 2-18 |
| 18 USC 1957 & 2 | Money Laundering | 8/31/99 | 20 |

The defendant is sentenced as provided in this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

[X]   The defendant has been found not guilty on counts **19**.

Special Assessment Amount $**1900** in full and immediately.

IT IS ORDERED that the defendant shall notify the United States attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant shall notify the court and United States attorney of any material change in the defendant's economic circumstances.

Defendant's Soc. Sec. No.: **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**
Defendant's Date of Birth: **9-13-46**
Defendant's USM No.: **20237-179**

Defendant's Residence Address:
**1925 FM 723**
**Rosenberg, TX 77471**
Defendant's Mailing Address (if different from residence address):

**May 28, 2004**
Date of Imposition of Judgment

s/Ann D. Montgomery
Signature of Judicial Officer

**ANN D. MONTGOMERY**, United States District Judge
Name & Title of Judicial Officer

**June 11, 2004**
Date

Filed_____
Richard D. Sletten, Clerk
Judgment Entd_____
Deputy Clerk_____

A true copy in _____ sheet(s)
of the record in my custody.
Certified _____, 2004
by _____
Deputy Clerk

A true printed copy in _6_ sheet(s) of the electronic record filed on 6/11/04 in the United States District Court for the District of Minnesota.
CERTIFIED, 12/8, 20 04
BY: _____ RICHARD D. SLETTEN
Deputy Clerk   Page 1

AO 245B (Rev. 3/01) Sheet 2 - Imprisonment

DEFENDANT:        HOWARD EUGENE LINER
CASE NUMBER:      03-78(1)(ADM/AJB)

## IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term of **135 months. This terms consists of 120 months on Count 20 and 60 months on Counts 2 through 18, to be served concurrently; and 15 months on Count 1, to be served consecutively to all other counts.**

[X]    The Court makes the following recommendations to the Bureau of Prisons:
**It is recommended that the defendant be incarcerated in a facility in Texas or as close to his family as possible within his security level.**

[X]    The defendant is remanded to the custody of the United States Marshal.

## RETURN

I have executed this judgment as follows:

_____
_____
_____

Defendant delivered on_____ to _____

at _____, with a certified copy of this Judgment.

UNITED STATES MARSHAL

By _____
Deputy U.S. Marshal

Page 2

AO 245B (Rev. 3/01) Sheet 3 - Supervised Release

DEFENDANT:         HOWARD EUGENE LINER
CASE NUMBER:    03-78(1)(ADM/AJB)

## SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of **3 years.**

The defendant shall report to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons.

The defendant shall not commit another federal, state, or local crime.

The defendant shall not illegally possess a controlled substance.

*For offenses committed on or after September 13, 1994:*

The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as directed by the probation officer.

[ ]      The above drug testing condition is suspended based on the Court's determination that the defendant poses a low risk of future substance abuse.

[X]     The defendant shall not possess a firearm, destructive device, or any other dangerous weapon.

If this Judgment imposes a fine or a restitution obligation, it shall be a condition of supervised release that the defendant pay any such fine or restitution that remains unpaid at the commencement of the term of supervised release in accordance with the Schedule of Payments set forth in the Criminal Monetary Penalties sheet of this Judgment.

The defendant shall comply with the standard conditions that have been adopted by this Court (set forth below). The defendant shall also comply with the additional conditions on the attached page (if indicated below).

## STANDARD CONDITIONS OF SUPERVISION

1)  The defendant shall not leave the judicial district without permission of the Court or probation officer;
2)  The defendant shall report to the probation officer and shall submit a truthful and complete written report within the first five days of each month;
3)  The defendant shall answer truthfully all inquiries by the probation officer and follow instructions of the probation officer;
4)  The defendant shall support his or her dependants and meet other family responsibilities;
5)  The defendant shall work regularly at a lawful occupation unless excused by the probation officer for schooling, training or other acceptable reasons;
6)  The defendant shall notify the probation officer ten days prior to any change in residence or employment;
7)  The defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician;
8)  The defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;
9)  The defendant shall not associate with any persons engaged in criminal activity, and shall not associate with any person convicted of a felony unless granted permission to do so by the probation officer;
10) The defendant shall permit a probation officer to visit home or her at an time a home or elsewhere and shall permit confiscation of any contraband observed in plain view of the probation officer;
11) The defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;
12) The defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the Court;
13) As directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics, and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

AO 245B (Rev. 3/01) Sheet 3 - Supervised Release

DEFENDANT: HOWARD EUGENE LINER
CASE NUMBER: 03-78(1)(ADM/AJB)

# SPECIAL CONDITIONS OF SUPERVISION

a   The defendant shall not commit any crimes, federal, state, or local.

b   The defendant shall abide by the standard conditions of supervised release recommended by the Sentencing Commission.

c   The defendant shall refrain from possessing a firearm, destructive device, or other dangerous weapon.

d   The defendant shall provide the probation officer access to any requested financial information, including credit reports, credit card bills, bank statements, and telephone bills.

e   The defendant shall be prohibited from incurring new credit charges or opening additional lines of credit without approval of the probation officer.

f   The defendant shall not hold employment with fiduciary responsibilities without prior approval from the probation officer.

g   Because the instant offense is not drug related and the defendant does not have a history of drug abuse, the defendant is not required to undergo mandatory drug testing as set forth by 18 U.S.C. §§ 3563(a) and 3583(d).

h   The defendant shall perform 300 hours of community service, as approved by the probation officer.

AO 245B (Rev. 3/01) Sheet 5, Part B - Criminal Monetary Penalties

DEFENDANT: HOWARD EUGENE LINER
CASE NUMBER: 03-78(1)(ADM/AJB)

# CRIMINAL MONETARY PENALTIES

The defendant shall pay the following total criminal monetary penalties in accordance with the Schedule of Payments set forth on Sheet 5, Part B.

|  | Fine | Restitution |
|---|---|---|
| Totals: | $ | $1,625,666.67 |

[ ]  The determination of restitution is deferred until . An *Amended Judgment in a Criminal Case* (AO 245C) will be entered after such determination.

[X]  The defendant shall make restitution (including community restitution) to the following payees in the amount listed below. **A victim list has been filed under seal with the Clerk of United States District Court.**

If the defendant makes a partial payment, each payee shall receive an approximately proportioned payment, unless specified otherwise in the priority order or percentage payment column below. However, pursuant to 18 U.S.C. §3664(i), all non federal victims must be paid in full prior to the United States receiving payment.

[X] The court determined that the defendant does not have the ability to pay interest and it is ordered that:

  [X]  The interest requirement is waived for the [ ] fine and/or [X] restitution

---

** Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18, United States Code, for offenses committed on or after September 13, 1994 but before April 23, 1996.

AO 245B (Rev. 3/01) Sheet 6 - Schedule of Payments

DEFENDANT: HOWARD EUGENE LINER
CASE NUMBER: 03-78(1)(ADM/AJB)

# SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties shall be due as follows:

    Payment of $300,000 is due immediately with the balance of $1,325,666.67 due over the course of imprisonment and supervision. Over the period of incarceration, the defendant shall make payments of either quarterly installments of a minimum of $25 if working non-UNICOR or a minimum of 50% of monthly earnings if working UNICOR. It is recommended the defendant participate in the Inmate Financial Responsibility Program while incarcerated. Payments of not less than $300 per month are to be made over a period of 3 years commencing 30 days after release from confinement. Payment are to be made payable to the Clerk, U.S. District Court, for disbursement to the victims. It is recommended that the interest requirement be waived by the Court pursuant to 18 U.S.C. § 3612(f)(3).

Unless the court has expressly ordered otherwise in the special instructions above, if this Judgment imposes a period of imprisonment, payment of criminal monetary penalties shall be due during the period of imprisonment. All criminal monetary payments, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, are to be made to the Clerk of Court, unless otherwise directed by the court, probation officer, or the United States Attorney.

The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

# FORFEITURE

[X]    The defendant shall forfeit the defendant's interest in the following property to the United States:   As stated in the preliminary order of forfeiture dated October 8, 2003.

Payments shall be applied in the following order: (1) assessment, (2) non-government restitution principal, (3) government restitution principal, (4) restitution interest, (5) fine principal, (6) fine interest, (7) penalties and costs, including costs of prosecution and court costs, (8) forfeiture

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MINNESOTA
Civil No. 03-948 MJD/JGL
Sealed

UNITED STATES OF AMERICA, )
                          )
         Plaintiff,       )    AMENDED
                          )    PRELIMINARY INJUNCTION
                          )
v.                        )
                          )
HOWARD EUGENE LINER,      )
                          )
         Defendant.       )

The United States, pursuant to 18 U.S.C. § 1345 and Federal Rule of Civil Procedure 65, filed a Complaint for Permanent Injunction and Other Equitable Relief, and moved *Ex Parte* for a Temporary Restraining Order.

On January 29, 2003, the Court issued a Temporary Restraining Order against Defendant. The Court extended the Temporary Restraining Order until February 21, 2003. Plaintiff United States thereafter moved for Preliminary Injunction, and a hearing on the Motion took place on March 6, 2003. The Court granted the Preliminary Injunction.

On June 23, 2003, a hearing took place on Defendant's Motion to Dismiss the Preliminary Injunction or alternatively to modify the terms of the Preliminary Injunction to allow him to pay reasonable, usual, ordinary and necessary living expenses.

A true copy in 5 sheet(s)
of the record in my custody,
CERTIFIED, 12/8 20 04
Richard D. Sletten, Clerk
BY: [signature]
    Deputy Clerk
(28)

FILED JUL 1 0 2003
RICHARD D. SLETTEN, CLERK
JUDGMENT ENTD
DEPUTY CLERK

## FINDINGS OF FACT

Based upon all the files, records, and proceedings in this matter, the Court makes the following Findings of Fact:

(1) This Court has jurisdiction over the subject matter of this case, and jurisdiction over the parties;

(2) Venue lies properly with this Court;

(3) Defendant was properly served with the Motion for a Temporary Restraining Order; the Complaint for Injunctive Relief; and the Motion for a Preliminary Injunction, as prescribed by Federal Rule of Civil Procedure 65(a)(1).

(4) There is probable cause to believe that Defendant has committed, and continues to commit, federal wire fraud offenses within the meaning of 18 U.S.C. §1345.

(5) There is probable cause to believe that immediate and irreparable harm will result from Defendant's ongoing violations of federal wire fraud laws, absent entry of a Preliminary Injunction.

(6) Weighing the equities and considering the United States' likelihood of success in its causes of action, a Preliminary Injunction is in the public interest.

(7) No security is required of any agency of the United States for issuance of a restraining order, pursuant to Federal Rule of Civil Procedure 65(c).

**ORDER ISSUING PRELIMINARY INJUNCTION**

Based upon all the files, records, and proceedings in this matter, it is hereby ORDERED:

that Defendant is hereby restrained and enjoined:

(1) from continuing to perpetrate his fraudulent scheme on any person, group of individuals, or investors and from accepting any monies from any person, group of individuals, or investors for the purpose of investing into Defendant's sham investment program, in violation of 18 U.S.C. §§ 1343, 1001, and 1957;

(2) from accepting, disposing of, or otherwise taking any action with respect to monies received from investors as a result of his fraudulent scheme;

(3) from failing to maintain all business, financial, and accounting records and from disposing of business, financial, and accounting records and from altering records;

(4) from withdrawing or transferring any money or sums presently on deposit with, or held on his behalf by any financial institution, trust fund, brokerage agency, or other financial agency, public, or private;

(5) from transferring, selling, assigning, dissipating, concealing, encumbering, impairing, or otherwise disposing of, in any manner, assets in real or personal property, owned, gained, or acquired by Defendant;

(6) from transferring, converting, encumbering, selling,

3

concealing, dissipating, disbursing, assigning, spending, withdrawing, or otherwise disposing of any funds, property, artwork, coins, precious metals, jewelry, contracts, share of stock, or other assets, wherever located, that are: (a) owned or controlled by Defendant, in whole or in part; or (b) in the actual or constructive possession of Defendant; or (c) owned, controlled by, or in the actual or constructive possession of any entity that is directly or indirectly owned, managed, controlled by, or under common control with Defendant, including, but not limited to, any assets held by or for Defendant in any account at any bank or savings and loan institution, or with any broker-dealer, escrow agent, title company, commodity trading company, precious metal dealer, or other financial institution of any kind, including, but not limited to, assets at:

    Bank of America (formerly Nations Bank)
    525 South Fry Road
    Katy, Texas
    ABA No. 111000025
    Account No. 5771471051
    Account Holder: H.E. Liner Trust

(7) from opening or causing to be opened any safe deposit boxes or storage facilities titled in the name of Defendant, or subject to access by Defendant or under their control, without providing the United States prior notice and an opportunity to inspect the contents in order to determine that they contain no assets covered by this Complaint;

4

Notwithstanding the asset freeze provisions of paragraphs (6) - (7), above, Defendant may pay from his individual personal funds reasonable, usual, ordinary and necessary living expenses up to the amount of $3,000.00 per month;

IT IS FURTHER ORDERED THAT:

(1) Within 90 days of the date of the Amended Preliminary Injunction, the parties shall prepare a status report to the Court regarding the Injunction;

(2) Civil discovery during the pendency of this Amended Preliminary Injunction is stayed.

IT IS SO ORDERED.

Dated:
7-9-03

_____
Michael J. Davis
UNITED STATES DISTRICT COURT JUDGE

5