## COMPENSATION AGREEMENT

This Compensation Agreement ("**Agreement**") is entered into on this the 3rd day of May, 2002, but shall be effective as of the 1st day of July, 2001 by and between Howard E. Liner ("**Liner**"), a resident of Rosenberg, Fort Bend County, Texas and E.P.D. Management Company, L.L.C. ("**EPD**"), a Texas limited liability company, with its principal place of business being 13726 Suntan, Corpus Christi, Texas 78418.

### WITNESSETH:

**WHEREAS,** Liner is the owner and holder of certain claims and causes of action against Mr. Christopher Patrick Heron ("**Heron**"), which arise as a result of Heron's breach of the terms of a certain Memorandum of Understanding dated July 18, 2000 between Heron, Liner and Hsin-Ming Chuo ("**Chuo**");

**WHEREAS,** Liner caused to be filed on March 4, 2002 a bankruptcy petition asserting various claims against Heron in *Cause No. 1625 of 2002 styled In The High Court Of Justice In Bankruptcy RE: Christopher Patrick Heron* ("**Bankruptcy Claim**");

**WHEREAS,** EPD by and through its managing manager, Mr. Larry Ewers has provided to Liner personal services and financial support in the investigation and prosecution of the Bankruptcy Claim; and

**WHEREAS,** Liner and EPD mutually desire to continue with the Bankruptcy Claim seeking a mutually satisfactory resolution of the Bankruptcy Claim;

**NOW, THEREFORE,** in consideration of the premises and the mutual covenants and agreements contained herein and other good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged, Liner and EPD hereby agree as follows:

1. Liner does hereby assign, transfer, and convey to EPD, fifty percent (50%) interest in and to the Bankruptcy Claim, including, without limitation, fifty percent (50%) of all sums to be received by Liner as a result of the compromise, settlement, resolution, execution, or collection of the Bankruptcy Claim. Liner and EPD stipulate and agree that all sums to be received by Liner as a result of the compromise, settlement, resolution, execution, or collection of the

Bankruptcy Claim shall be deposited into the appropriate trust account of mutually agreeable legal counsel. Designated legal counsel shall oversee the disbursal of all sums received in accordance with the terms of this Agreement. Said legal counsel shall provide Liner and EPD with a full accounting of all fees incurred, interest earned and disbursements made.

2. Liner agrees to reimburse EPD for all sums expended in the investigation and prosecution of the Bankruptcy Claim, which shall include without limitation, all legal fees, investigators fees, travel costs and/or other verifiable costs and expenses, with an offset to Liner for all sums expended in the investigation and prosecution of the Bankruptcy Claim.

3. Liner hereby represents and warrants that the payment of sums hereunder by Liner to EPD relate solely to the claims and causes of action asserted by Liner in the above referenced Bankruptcy Claim. Liner further represents and warrants to EPD that he is the owner and holder of his claims asserted in the Bankruptcy Claim.

4. Liner hereby agrees to defend, indemnify, save, and hold harmless EPD, its officers, directors, shareholders, members, or managers from and against any and all claims, demands, causes of action, and damages of any third parties (i) claiming an interest in the Bankruptcy Claim or any proceeds derived therefrom, (ii) any fees relating to this Agreement, or (iii) claiming an interest in the underlying transaction set forth herein, together with any court costs, attorney's fees or other costs or expenses arising therefrom.

All the terms, provisions, covenants, obligations, indemnities, representations, warranties and conditions of this Agreement shall be binding upon and inure to the benefit of and be enforceable by the parties hereto and their respective successors and assigns. Any assignment of the parties rights hereunder shall be made expressly subject to all of the terms, provisions, covenants, obligations, indemnities, representations, warranties and conditions of this Agreement.

Each Party hereto shall from time to time do and perform such further acts and execute and deliver such further instruments, assignments and documents as may be required or reasonably requested by the parties hereto to carry out and effect the intentions and purposes of this Agreement.

The invalidity or unenforceability of any particular provision of this Agreement shall not affect the other provisions hereof, and this Agreement shall be construed in all respects as if such invalid or unenforceable provisions were omitted.

This Agreement embodies the entire agreement between the parties, superseding all prior agreements, negotiations, letters of intent, arrangements and understandings related to the subject matter hereof either written or oral, and may only be supplemented, altered, amended, modified, or revoked by a writing signed by duly authorized representatives of all the parties hereto. Notwithstanding the provisions of this paragraph, no party shall be bound by, subject to, or deemed a party to, any agreement between the parties which have not been duly executed by, or on behalf of, such party.

Any of the terms, provisions, covenants, representations, warranties or conditions hereof may be waived only by a written instrument executed by the party waiving compliance. Except as otherwise expressly provided in this Agreement, the failure of any party at any time or times to require performance of any provision hereof shall in no manner affect such party's right to enforce the same.

This Agreement and the rights and obligations of the parties hereunder shall be governed by and interpreted, construed and enforced in accordance with the substantive and procedural laws of the State of Texas. The parties agree that the negotiation, offer and acceptance and performance of the Agreement shall be deemed to have occurred in Houston, Harris County, Texas.

This Agreement may be executed in one or more counterparts, all of which may be deemed to be an original document. A facsimile copy of this signed Agreement will be treated as an original for all purposes.

IN WITNESS WHEREOF, the parties hereto have executed this Agreement as of the date first above written, to be effective as of the effective date set forth above.

**HOWARD E. LINER**

"Liner"

By: _H. E. Liner_
Howard E. Liner

**E.P.D. MANAGEMENT COMPANY, L.L.C.**

"EPD"

By: _Larry Ewers_
Larry Ewers, President