22nd July 2004

Edwards & Angell, LLP
101 Federal Street
Boston, Massachusetts 02110

Attn: Alan M. Spiro
      Christopher P. Silva

RE:   Your Client Larry Ewers and Civil Action # 04 - 10024-RWZ.

Dear Sirs,

I am in receipt of your service of the notice to obtain final judgement by default kindly note for the record I was not served by you, Ewers or your agents in respect of this complaint #04-10024-RWZ.

By the evidence attached to your affidavit for the court you have confirmed that Ewers was not empowered to sign the agreement in January 2002 upon which his claim is based. Notwithstanding which you have emphasised the fact that the subject settlement sum was in respect of the "liquidated value" of the assets. On the day established by the plaintiff that sum was zero and the plaintiff together with the other claimants in bankruptcy, was not prepared to accept the asset directly and resolutely rejected same repeatedly. The subject agreement is voided by Ewers' unauthorised engagement and criminal misrepresentation in furtherance of his and Liner's criminal frauds in the U.S. for which Liner is now serving time.

It should be noted that Liner's claim in respect of the Cho/Liner claim was not accepted during his trial for fraud. Additionally re-examination of the POA from Cho to Liner as submitted to the courts here, has shown that his authority was limited to a specified account in the Bank of Taiwan, Taipei which was not the account holding the alleged subject fund of USD 220 million. Further his authority was limited to acting in Alex Cho's name. Therefore the agreement he engaged in from which the figure of USD 1,980 million was extrapolated, is void.

To my knowledge the matter of fees to the professionals in London remains unresolved. Ewers submitted himself to the jurisdiction of the English courts in respect of this claim, I require you to evidence to me the consent granted by Malcolm Harris the Trustee in Bankruptcy. The absence of such evidence compounds Ewers' fraudulent actions and the existence of such evidence is further evidence of the Trustee's complicity in the false claims in bankruptcy.

I therefore demand a stay of execution of the entry for final judgement pending receipt and testing of your evidence of the following documents:

> Trustee's consent to Ewers' litigation in the U.S.A. ---
>
> Bank of Taiwan's confirmation of the statements of account submitted by Liner to me evidencing the sum of USD 220 million on account ---
>
> Liner's authority in respect of the operative account in Bank of Taiwan ---
>
> Establish the sum certain referred to as the "liquidated value" which I allegedly failed to remit in breach of the January 2002 agreement ---

Kindly forward the requisite documents to my address below.

Sincerely,

*[signature]*

Chris Heron
21 Dale House
Boundary Road,
London NW8 0JB


CC:   United States District Court for the District Of Massachusetts
      James F. Pomeroy, II