# Wragge&Co

**12 August 2004**

Your reference:
Our reference:    ICW

# E-mail Message

**To**     Alan M Spiro (aspiro@EdwardsAngell.com)

**From**  Ian Weatherall (ian_weatherall@wragge.com)

Reply to:
55 Colmore Row
Birmingham B3 2AS
DX 13036 Birmingham 1

Dear Alan

### Christopher Patrick Heron - In Bankruptcy

I write further to our telephone conversations on 10 August.

I confirm I have had an opportunity of reviewing some of the paperwork in relation to this matter.

It is apparent to me from a review of the paperwork that the petition for the bankruptcy of Christopher Heron was presented by Messrs Hsin-Ming Chuo and Howard Eugene Liner seeking repayment of the sum of US$1.9 billion arising as a consequence of contractual trading profits payable by the bankrupt pursuant to an agreement in writing dated 18 July 2002. The petition was present to the Royal Courts of Justice on 4 March 2002. The initial return date was 23 April 2002. I am unclear what happened at the initial return date. However, a Bankruptcy Order was subsequently made on 18 June 2002.

In my opinion, this is conclusive evidence that the High Court of Justice has accepted that the creditors in the petition were owed the petition debt by the debtor and that the petition debt was unpaid. This opinion would be further reinforced, although it is not necessary, if the reason why the Bankruptcy Order did not take place on 23 April 2002 was as a consequence of an application made by the debtor arguing that the petition debt was neither payable or was inaccurate. In the circumstances, in my opinion, it is beyond doubt that the bankrupt is indebted to the petitioners in the sum claimed. Under English law, particularly in light of the time that has now elapsed since the Bankruptcy Order was made on 18 June 2002, the bankrupt would not be able to reopen the Bankruptcy Order on the grounds of disputing the debt as that would now be regarded as res judicata.

I also understand that you are now satisfied under Texan law that 50% of the petition debt has been effectively assigned to Mr Ewers

3 Waterhouse Square
142 Holborn
London EC1N 2SW
DX 292 LDE

Rond Point Schuman 9, bte 4
B-1040 Brussels
Belgium

T +44 (0) 870 903 1000
F +44 (0) 870 904 1099
mail@wragge.com
www.wragge.com

Wragge & Co LLP
is registered in
England and Wales as a
Limited Liability Partnership
Registered no. OC304378

Registered office:
55 Colmore Row
Birmingham B3 2AS

Wragge & Co LLP
is regulated by
the Law Society
of England and Wales

A list of members of
Wragge & Co LLP
is open to inspection at
the registered office



In association with
Graf von Westphalen Bappert & Modest    www.westphalen-law.com

WRAGGE2 #4595188 v1 [ICW]/[DCR]

by Mr Liner by virtue of an exclusive Power of Attorney and Mandate executed on 15 June 2002 which is irrevocable.

In the circumstances, Mr Ewers is a creditor in the bankruptcy of the bankrupt and is a significant creditor representing I understand in excessive 50% of creditors in value based upon the total bankruptcy debts compared with the petition debt.

I note that a Motion to Intervene has been issued by Howard Eugene Liner, creditors' committee of the bankruptcy estate of Christopher Patrick Heron et al. Given that Mr Liner has irrevocably by way of a Power of Attorney assigned his right in the petition debt to Mr Ewers I do not understand how Mr Liner has the locus standi to be a party to the notice of intervention.

Moreover, paragraph 6 of the Complaint of Plaintiff/Interveners dealing with the jurisdiction and venue states that the creditors' committee is a committee duly appointed on 22 July 2004. You should be aware that Mr Ewers proxy at that creditors' meeting was rejected. Given the valid Power of Attorney it is questionable whether the committee was duly appointed in light of Mr Ewers being excluded from voting.

Additionally, paragraph 6 continues that the creditors' committee is appointed "to act on behalf of the Estate in Bankruptcy of Christopher Patrick Heron". The creditors' committee has no power to act on behalf of the Estate in Bankruptcy of Christopher Patrick Heron. All the powers regarding the Estate in Bankruptcy of Christopher Patrick Heron vest in the Trustee in Bankruptcy. The creditors' committee perform a sanctioning role but has no power to take actions in its own right or standing. Therefore, it is certainly questionable what locus the creditors' committee in general have to act as plaintiff interveners.

Yours sincerely



**Ian Weatherall**