UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| LARRY EWERS,<br><br>    Plaintiff,<br><br>v.<br><br>HOWARD EUGENE LINER, CREDITORS COMMITTEE OF THE BANKRUPTCY ESTATE OF CHRISTOPHER PATRICK HERON, AH PING BAN, FLAMECREST ENTERPRISES LIMITED TRUST, BALZ RUDOLPH WOLFENSBERGER TRUST,<br><br>    Plaintiff-Intervenors,<br><br>v.<br><br>CHRISTOPHER PATRICK HERON, CORPORATION OF THE BANKHOUSE, INC. SOCIETE BANKHOUSE, AND JAMES F. POMEROY, II,<br><br>    Defendants. | CIVIL ACTION NO.<br>04-10024-RWZ |

## AFFIDAVIT OF R. BRUCE BUCKLEY

I, R. Bruce Buckley, being duly sworn, under the penalty of perjury, depose and say:

1.  I am over twenty-one years of age, have never been convicted of a felony, am a citizen of the United States residing in Harris County, Texas, and make the following statements of my own personal knowledge and recollection.

2.  I am duly licensed and in good standing to practice law in the State of Texas and a partner in the law firm of Buckley, Mathews, White & Howell, L.L.P. located in Houston, Texas.

3.  During the years 2000 through 2002, my law firm represented Howard Eugene Liner with respect to various transactions involving Larry Ewers. At no time during this period did I or any member of my law firm simultaneously represent Mr. Ewers during

this time period in any matter whatsoever, and have not represented Mr. Ewers in any matter since that time.

4.  My firm, in particular, represented Liner in the preparation of that certain Compensation Agreement dated May 22, 2002, between Liner and E.P.D. Management Company, L.L.C., and that certain Exclusive Power of Attorney and Mandate, dated May 22, 2002, effective as of January 11, 2002, from Liner to Larry Ewers. Both documents were prepared by my firm at Mr. Liner's direction, with his approval, and were signed by him in my presence. To the best of my knowledge and belief, everyone involved in this transaction, including Mr. Liner, was very aware that E.P.D. Management Company, L.L.C. was owned by Mr. Ewers. On or about June 18, 2002, Liner instructed my firm to prepare another Exclusive Power Of Attorney And Mandate instrument to Larry Ewers for Liner's execution, said instrument to be dated June 18, 2002, and effective as of January 11, 2002. The June 18, 2002, Exclusive Power Of Attorney And Mandate was not executed in my presence, but was to be executed before a Notary Public in and for the State of Texas.

5.  As compensation for the legal services rendered to Liner by the firm, Liner executed and delivered to me that certain Fee Agreement dated November 9, 2000, and that certain Amendment to Contingent Fee Agreement effective May 9, 2002, between Liner and Buckley, Mathews, White & Howell, L.L.P. These two (2) instruments are the only instruments which the firm has with regard to fees for legal services rendered to Liner. The firm has no fee agreement or arrangement with Larry Ewers for legal fees to be paid for legal services of any nature or kind rendered to Larry Ewers.

Date: October 27, 2004
Houston, Texas

R. BRUCE BUCKLEY

**STATE OF TEXAS** §
§
**COUNTY OF HARRIS** §

This instrument was acknowledged before me on October 27, 2004, by **R. Bruce Buckley.**



CHRIS T. LOVING
MY COMMISSION EXPIRES
February 9, 2007

NOTARY PUBLIC IN AND FOR
THE STATE OF TEXAS