UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

FILED IN CLERKS OFFICE

2005 JAN 26  P 3: 21

U.S. DISTRICT COURT
DISTRICT OF MASS.

LARRY EWERS )
    PLAINTIFF )
)
V. )
) CIVIL ACTION
) NO. 04-10024-RWZ
CHRISTOPHER PATRICK HERON )
CORPORATION OF THE BANKHOUSE, INC. )
SOCIETE BANKHOUSE AND )
JAMES F. POMEROY, II )
    DEFENDENTS )
)

## AFFIDAVIT OF CHRISTOPHER PATRICK HERON

I, Christopher Patrick Heron, a citizen of Ireland and resident in London, England, make oath and say:

None of the four reasonable and material demands made in my letter of July 22, 2004 (docket nbr 18) have been met.

Spiro now states that Ewers is merely "making collection of the bankruptcy claim", this statement is false. Spiro in his previous sworn affidavit stated that he, Ewers, had the consent of the Trustee in Bankruptcy to take this action, this sworn statement is false. The need for such consent is clearly stated in the legal opinion which Spiro for Ewers sought from an English solicitor and exhibits with his submission (item 10). Spiro has failed to evidence the consent. The said opinion also makes clear the fact that no creditor has the right to take action outside the bankruptcy, such action being the sole right of the Trustee in Bankruptcy. Additionally the Trustee has no right to lawfully grant the consent to an individual creditor to the detriment of the other creditors. Clearly this action is an attempt by Ewers to evade taxes and fees in respect of the administration of the estate and the payments subsequently due to the creditors. To my knowledge no consent was granted. The subject assets were openly declared and vested in the Trustee as required by law and collection thereof is only permitted via the Trustee. If this action before the court was warranted as a means for collection then it is the Trustee in Bankruptcy that would be making the complaint and not an individual creditor.

Ewers goes to great length to demonstrate the line of his authority right back to the original transaction and by such demonstrates the need for same under the law. He is in possession of many documents purporting to be issued by the Bank of Taiwan evidencing the sum of USD 220 million in a specific account under my name. Ewers has failed to obtain and exhibit any authentication of same by Bank of Taiwan. It is my lawful right to have demanded the said authentication as proof of claim under the original Cho/Liner Agreement in respect of the bankruptcy claim, a claim that was in

dispute. His failure to provide the authentication of the documents upon which his claim in bankruptcy relies, is evidence of false claim in bankruptcy, a criminal offence. The Cho/Liner Agremeent was not performed by Cho/Liner. Further it offers some explanation concerning the extreme measures that Ewers et al went to to control the administration of the bankruptcy. When that control slipped after the striking off of the first solicitor (namely Anthony Feldman and claimant in two of the four main claims) by the Law Society of England and Wales and the withdrawal of the next three consecutive law firms appointed to represent both the main creditors and the Trustee in Bankruptcy, Ewers commenced this litigation. Until now Ewers has succeeded to evade proving his claim in bankruptcy.

I demanded proof of Liner's authority over the operative account and the funds therein, which is material to proof of his (Ewers') claim and right to claim, Ewers has failed to do so, not least because the authority granted by Alex Cho was in respect of a different account.

Ewers fails to establish the liquidated value of the subject assets which would constitute the "Settlement Sum" under the Settlement Agreement of January 2002. The settlement sum was not defined as 70% of Net Worth or approximate Net worth, as repeatedly stated by Spiro in his submissions to the court. Ewers et al resolutely and repeatedly refused to accept transfer of the subject paper assets and it was Ewers et al that enforced a time factor causing the liquidated value to be assessed as zero at the date so set by them. The liquidated value of an asset, is that realised from a sale thereof solely for a cash consideration. I have not at any time sought to delay or avoid settlement under the said agreement nor subsequently to the Trustee in Bankruptcy. I had entered the Settlement Agreement solely to end the threats against me and my family by one of the creditors, hence why all four main creditors were to have been bound by the agreement. As to the reality of those threats, note the attack on me outside my home by two Orientals one wielding a baseball bat, coinciding with my lawful attempt to retain my car in bankruptcy. 70% of the liquidated value of my assets was a most viable option to end the extortion of USD15 million from me. I had no reason to doubt that the Statutory Demands of Cho, Feldman and Pladott would be set aside (Cho had withdrawn the Cho/Liner claim, Feldman and Pladott had had their claims set aside previously). The Statutory Demands and subject claims were not tested in court and having gained control of the administration of the bankruptcy the four main creditors evaded proving their claims in bankruptcy as required in the administration of same.

Spiro's submission demonstrates irrefutably that Ewers was not empowered to sign the Settlement Agreement in January 2002 and that Ewers has no lawful right to take individual action in his own right, all such power being vested in the Trustee in Bankruptcy.

The papers Spiro served on me in April 2004 were not those that Spiro exhibits in his submission (item 1). At no time has Spiro served a summons on me in respect of the subject claim.

Ewers failure to have the documents upon which his claim relies, to be duly authenticated by the issuing institution demonstrates his complicity in a conspiracy to defraud me of my assets and to defraud an unnamed party that has advanced moneys to him to cover bankruptcy costs and fees related to the bankruptcy, the bulk of which (in excess of a million dollars, according to Ewers' own statement) was not paid to the Trustee in Bankruptcy.

Spiro's sworn affidavit stating that Ewers had the consent of the Trustee in Bankruptcy to this action perjures and further perverts the course of justice.

Therefore in the absence of proof of claim and/or lawful authority of Liner/Ewers to act in respect of the Cho/Liner claim and/or lawful consent of the Trustee in Bankruptcy to Ewers to take this action and /or establishment of the liquidated value that exceeded my liabilities in January 2002, I demand that the claim of Ewers be dismissed.

SIGNED:

_____ DATE: 18 JAN 05
CHRISTOPHER PATRICK HERON

SWORN BEFORE ME:

_____ DATE: 18 January 2005

KATHLEEN ERIDANI
SOLICITOR

Michael Fisher Solicitors
4 Upper Tachbrook Street
London, SW1V 1SH

Tel: 0207 233 9939