UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

LARRY EWERS )
    PLAINTIFF )
)
V. )  CIVIL ACTION
)  NO. 04-10024-RWZ
CHRISTOPHER PATRICK HERON )
CORPORATION OF THE BANKHOUSE, INC. )
SOCIETE BANKHOUSE AND )
JAMES F. POMEROY, II )
    DEFENDENTS )
)

ANSWER TO SUMMONS DATED 30TH. JANUARY 2004

Ewers makes his complaint based on fraudulent documents and a false claim in bankruptcy, as part of a campaign of fraud by Ewers and his former partner Howard Eugene Liner.

The alleged 'debt' of USD 1,980 million arises from a loan agreement which Liner signed as "Lender" and for which Liner furnished bank documents purporting to demonstrate the Lender's performance under said agreement by advancing USD 220 million to me. The said documents have been found to be fraudulent. I have repeatedly demanded of Ewers authentication of the said bank documents.

The "Settlement Agreement", which Ewers signed while representing falsely he did so under a Power of Attorney issued by Liner in January 2002, stipulated the jurisdiction of all matters arising from said Agreement. Liner/Ewers agreed and submitted to the exclusive jurisdiction of the courts of England.

The "Settlement Sum" is clearly defined as 70% of the liquidated value of my net worth. Such value could only be ascertained by a sale of the subject assets solely for a cash consideration. No cash Buyer was prepared to complete a purchase within the time set by Liner/Ewers et al. Further Liner/Ewers et al repeatedly rejected the transfer of the subject assets. By default 70% of the liquidated value of my net worth equated to zero on the "settlement date".

However in June 2002 the said assets were vested in the Trustee in Bankruptcy, a designee of Liner/Ewers (further acknowledgement and acceptance of the exclusive jurisdiction of an English court) and again rejected. Liner/Ewers exerted full control over the administration of the bankruptcy through their solicitor Anthony Feldman, who also acted for the other three main claimants and the Trustee in Bankruptcy and was a claimant in two of the other three main claims. Feldman has subsequently been struck off by the Law Society of England and Wales, indicted and convicted for fraudulent trading. There were three further solicitors all of whom were forced to withdraw on presentation of the facts.

The claims of the four main creditors were disputed and never admitted. Notwithstanding, proof of claim is a prerequisite in expectation of dividend in bankruptcy and Liner/Ewers have never been in a position to prove their claim. A false claim in bankruptcy is criminal fraud and this was compounded by obtaining in default an order for contempt under false pretences (a) I was not served the statutory notice of the hearing (b) the "evidence" used in support of the application was later found to be false when used again in an application to have my spouse examined in court, the application was withdrawn.

The same "evidence" is used as the basis for the allegations in Ewers summons. Further in his submission to the court PLAINTIFF'S SUPPLEMENTAL BRIEF IN OPPOSITION PLAINTIFF-INTERVENORS' MOTION TO INTERVENE dated October 28, 2004 admitted lying in respect of his allegations regarding certain hidden assets and cash deposits.

Ewers attorney Spiro has stated in sworn affidavits that Ewers is merely collecting under the bankruptcy and that Ewers had the consent of the Trustee in Bankruptcy to do so, Spiro perjures. In order to obtain such consent a written agreement is required between the parties in particular in relation to dividend and expectancy thereof. Ewers would have had to submit proof of claim and obtain the sanction of the Official Receiver. None was sought or granted. Further Ewers did not submit details of the cash deposits which he alleges are mine and which he used as a means to induce others to support the cost of this litigation. Ewers has drawn in excess of USD 1,300,000.00 despite which solicitors and the Trustee here in London were not paid and more than half the above sum found its way into Ewers' pocket. Ewers' partner Liner has been indicted and convicted of fraud as have two of the other individuals that have made false claims in the bankruptcy .

If the allegations set forth in the summons had any basis in fact, the creditors would have been granted a Bankruptcy Restriction Order allowing for the remittance of debt after the discharge of the bankruptcy. This would apply in particular had the Trustee granted lawfully a consent to Ewers. No Bankruptcy Restriction Order was sought, proof of claim would have been required. An application for an extension of the automatic discharge period was heard in court and dismissed. All legitimate and proven debt has been deemed remitted in bankruptcy upon automatic discharge on the 1st April 2005.

Ewers claim is false, he engaged in the Settlement Agreement in January 2002 on behalf of Cho/Liner, claiming falsely to hold the Power of Attorney of Liner, the Power of Attorney was issued in June 2002. Were the Agreement not rendered void by such an act, it would in any event preclude any jurisdiction other than an English court.

Ewers has avoided seeking any statutory relief that required proof of claim, with the exception of the application to extend the discharge period in bankruptcy which was dismissed in court, there being no evidence to support the allegations. Ewers has never been a creditor of mine and did not register any claim in person in the bankruptcy, he relies solely on the standing of Liner's false claim.

Be advised that I reserve fully my rights at law to seek damages for the losses and costs arising from Ewers' fraudulent claims, allegations and misrepresentations. Further, every fee and cost billed in respect of this litigation, allows Ewers to continue to launder money obtained from a third party under false pretences.

Any moneys realised from a sale of the subject assets or alleged cash deposits of mine relating to a time prior to discharge of bankruptcy, shall inure to the benefit of the Official Receiver and be treated under the Bankruptcy laws of England and Wales. There will be no admittance of any claim without proof of claim and the said proof is to include verifiable authentication of the bank documents furnished by Liner/Ewers and bank cash deposits which Ewers alleges to have identified as belonging to me.

SIGNED: _____  DATE: 18th Oct 2005
CHRISTOPHER PATRICK HERON