UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 04-10024-RWZ

LARRY EWERS

v.

CHRISTOPHER PATRICK HERON, CORPORATION OF THE BANKHOUSE, INC.,
SOCIETE BANKHOUSE, and JAMES F. POMEROY, II

MEMORANDUM OF DECISION

February 3, 2006

ZOBEL, D.J.

Howard Eugene Liner ("Liner") invested money with defendants Christopher Heron ("Heron"), Corporation of the Bankhouse, Inc. ("COB") and James F. Pomeroy, II ("Pomeroy") who, together, allegedly swindled him of his entire investment. Subsequently, Liner executed a Power of Attorney (the "POA") and Compensation Agreement with plaintiff Larry Ewers ("Ewers") in exchange for Ewers' efforts to recoup Liner's investment. Plaintiff then filed the instant suit allegedly on his own behalf against the alleged swindlers for claims of (1) tortious interference with contract, (2) fraud and conspiracy to commit fraud, (3) reach and apply, (4) constructive trust and (5) unfair and deceptive business practices. Liner disputes the scope of plaintiff's authority, and he and the other creditors moved to intervene as plaintiffs. The court denied the motion for intervention, and the First Circuit affirmed the denial. See Ewers v. Heron, 419 F.3d 1 (1st Cir. 2005). In the meantime, Liner, who is not a party to the

action, filed with the court an unofficial notice of litigation between himself and plaintiff regarding the validity and scope of authority of the POA in a separately filed case in Texas state court, E.P.D. Mgmt. Co., L.L.C. and Ewers v. Liner (2003-33307).  The rulings on several pending motions follow:

1.   Decision to Stay and Administratively Close the Case

Whether the litigation in Texas will solidify or undermine plaintiff's standing in the instant case remains unclear.  Accordingly, the court will stay and administratively close this case until the dispute regarding the force and effect of the POA pending in the Texas state court is resolved.  Plaintiff shall advise this court every three months on the status of the Texas proceeding and file an immediate notice upon issuance of a decision in that case.

2.   Plaintiff's Motions for Entry of Final Judgment (Dockets #10, #13 and #39)

Plaintiff seeks entry of final judgment against defendants COB and Pomeroy for treble damages of the amount $4,480,000, under Chapter 93A of the Massachusetts General Laws, summing to $13,440,000, in total.  Additionally, he seeks default judgment against defendant Heron in the amount of $1,980,000,000, trebled under Chapter 93A for total of $5,940,000,000.

Liner and the other would-be intervenors oppose these motions in an effort to ensure that any funds received by Ewers will be appropriately allocated among all of the swindled investors.  In response, the court instructed the parties to draft a jointly acceptable form of final judgment that prohibited plaintiff from disbursing any funds

collected without providing prior notice to the other creditors and obtaining prior court approval. The parties have yet to do so.

Moreover, it is now clear that entry of final judgment before resolution of the Texas proceeding is premature. Ruling on the motions for entry final judgment is therefore deferred until a decision by the Texas court.

3.  <u>Plaintiff's Motion for Attachment of Real Estate of Defendant Pomeroy (Docket #12)</u>

As with the motions for entry of judgment, ruling on the Motion for Attachment is deferred until resolution of the Texas proceeding.

4.  <u>Motion for Leave to Enter Appearance Pro Hac Vice (Docket #20)</u>

Local counsel Charles P. Kazarian for the would-be intervenors moves for the appearance pro hac vice of attorney Thomas L. Kummer on behalf of the would-be intervenors. Because the underlying Motion to Intervene (Docket #22) was denied, and the court's denial was affirmed by the First Circuit Court of Appeals, the would-be intervenors are not parties to this case. The motion for leave to enter an appearance is thus denied as moot.

5.  <u>Plaintiff's Motion to Strike Proposed Form of Final Judgment Submitted by Proposed Intervenors (Docket #38)</u>

The parties and would-be intervenors continue to disagree about the appropriate form of final judgment to be entered. The Motion to Strike is denied as premature.

6.  <u>Defendant Heron's Motions to Dismiss for Lack of Jurisdiction and for Lack of Real Parties in Interest; Motion to Set Aside Default (Docket #41)</u>

Heron filed a pro se motion for dismissal of the instant suit for lack of jurisdiction on the argument that the United States Constitution conditions jurisdiction on the existence of a case or controversy between parties to a suit.  The "case-or-controversy requirement means that parties must continue to have a personal stake in the outcome through all the stages of judicial proceedings, trial and appellate."  U.S. v. Duclos, 382 F.3d 62, 65 (1st Cir. 2004)(internal quotes omitted).  In challenging whether plaintiff has a personal stake in the outcome of the instant suit, Heron essentially questions whether plaintiff has standing, arguing that plaintiff cannot have sustained an injury-in-fact when "Liner has denied to this Court that [plaintiff] has his authority to proceed and has unsuccessfully attempted to intervene over the objection of [plaintiff] in this case claiming [plaintiff] does not represent him." (Def. Heron's Mot. to Dismiss 3).  Heron's corresponding Motion to Dismiss for Lack of Real Parties in Interest also derives from the argument that Liner, and not plaintiff, is the true party in interest.  (See id. 7-8).  However, Heron's attacks rely on arguments already raised by Liner and other would-be intervenors in their Motion for Intervention, namely, that plaintiff does "not adequately represent Plaintiff-Intervenor's interests because of the termination of [plaintiff]'s Power of Attorney and because plaintiff has declined to advise Liner of the actions taken pursuant to the Power of Attorney."  (Mot. to Intervene 3).  Because the court has already addressed the arguments that underlie these two of Heron's motions, they are both denied.

Heron also seeks dismissal for lack of personal jurisdiction.  In response to Heron's repeated claims that plaintiff never served him adequately to confirm personal

4

jurisdiction, plaintiff has repeatedly filed with the court copies of the service made. Heron had never identified any specific deficiency in these filings but simply continues to assert their insufficiency. In the absence of any substantive argument, Heron's Motion to Dismiss for Lack of Personal Jurisdiction is denied.

Heron's final motion seeks to set aside the default judgment against him on the same grounds that Liner and the other would-be intervenors, and not plaintiff, are the true parties in interest. The court has already addressed this issue by requiring that any disbursement of funds collected pursuant to the judgment be preceded by court approval and notice to the would-be intervenors. Accordingly, Heron's motion to set aside is denied.

7.  Motion to Withdraw (Docket #45)

Local counsel Charles P. Kazarian moves to withdraw as attorney for the would-be intervenors as the result of differences having arisen between himself and the intervenors. He filed the motion prior to issuance of the First Circuit ruling that affirmed denial of his clients' motion to intervene. After filing the intervention motion but before the First Circuit ruling, attorney Isaac H. Peres entered an appearance on behalf of some of the creditors (Docket #50). The motion to withdraw is allowed.

|  |  |
|---|---|
| _____<br>DATE | /s/ Rya W. Zobel<br>RYA W. ZOBEL<br>UNITED STATES DISTRICT JUDGE |