UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

---

| | |
|---|---|
| LARRY EWERS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | |
| INTERNATIONAL CHILDREN'S ) | CIVIL ACTION NO. |
| FUND-ROKHA PARAKEY, INC., ) | 04-10024-RWZ |
| ) | |
| Plantiff-Intervenor, ) | |
| ) | |
| v. ) | |
| ) | |
| CHRISTOPHER PATRICK HERON, ) | |
| CORPORATION OF THE BANKHOUSE, INC. ) | |
| SOCIETE BANKHOUSE, and ) | |
| JAMES F. POMEROY, II, ) | |
| ) | |
| Defendants. ) | |

---

**MEMORANDUM IN SUPPORT OF MOTION TO INTERVENE**

Pursuant to Federal Rule of Civil Procedure 24, International Children's Fund-Rokha Parakey, Inc. ("ICF") move for leave to intervene in the above-captioned matter. This memorandum accompanies the Complaint of Plaintiff-Intervenor.

**Statement of Facts**

1.      ICF is an original owner of the $1.98 billion claim against the Defendant, Christopher Patrick Heron. On May 9, 2000, Mr. Liner entered into the profit sharing agreement with Mr. Cho that started the basis of this suit. Mr. Liner was a director and vice president of ICF. See Exhibit "A." On that same day, May 9, 2000, Mr. Liner assigned 100% of his ownership in the agreement to ICF. See Exhibit "B." Effective May 10, 2000, ICF assigned

50% of the proceeds of the agreement to Mr. Liner. This took place before the assets were placed with Mr. Heron in June of 2000. At the time, Mr. Liner entered into his compensation agreement with Mr. Ewers' company EDP, Mr. Liner only owned one-half of the proceeds owed from Mr. Heron. ICF still owned 100% of the contract and 50% of the proceeds. ICF does not contest Mr. Ewers act of filing this lawsuit. Mr. Ewers owes ICF a fiduciary duty.

2. The Plaintiff-Intervenor has successfully intervened in the Texas *Cause No. 2003-33307; E.P.D. Management Company L.L.C. and Larry Ewers, Plaintiffs vs. International Children's Fund-Rokha Parakey, Inc., Intervenor, and Howard Eugene Liner, Defendant; In the 151ST Judicial District Court of Harris County, Texas.*

3. **In the Texas case, the trial court has entered a judgment that ICF owns an undivided interest in the claim before this Court. See Exhibit "C."**

### Argument

4. Plaintiff-Intervenor recognizes that this Court has already ruled that Mr. Liner and other creditors of Mr. Heron could not intervene into this case. The Court's stated reason for its decision was the belief that the rights of the proposed Intervenors can be protected by the wording of the judgment.

5. Although Plaintiff-Intervenor ICF believes that its position is distinguishable from the other Intervenors, ICF understands that the Court may also feel that intervention is not necessary to protect ICF because ICF can also be protected by the wording of the judgment in this case. Plaintiff-Intervenor welcomes any such protection the Court would offer and files this Motion in deference to the Court's prior ruling. Plaintiff-Intervenor brings this motion to intervene simply to protect its claim.

2

6.   ICF's ownership of the claim against Mr. Heron predates any power of attorney granted to Mr. Ewers. ICF however, is not mentioned in either the power of attorney or the suit filed by Mr. Ewers against Mr. Heron. Mr. Ewers did not reveal to this Court that ICF was a party in interest to this litigation. Mr. Ewers did not disclose the fact of this litigation to ICF.

7.   ICF's interests are not properly protected by the Plaintiff, Mr. Ewers. Mr. Ewers has represented to various people that he has located at least $1.6 billion of Mr. Heron's assets. A review of the statements by Mr. Ewers' counsel, as well as Mr. Ewers proposed judgment, clearly indicates that Mr. Ewers intends to take this court's judgment to whatever jurisdiction in which he has located the Defendant's assets, domesticate the judgment in that jurisdiction, collect the money through that court, and never communicate those facts to this court or the creditors of Mr. Heron.

8.   At a prior hearing on the issue of intervention, this court addressed Mr. Spiro, counsel for Mr. Ewers, suggesting that there needs to be "an order that says that there needs to be prior approval of the court of any disbursement of anything that is recovered." Mr. Spiro's clever response contained the loophole that Mr. Ewers seeks:

> Mr. Spiro:   <u>Anything recovered in this court</u>, yes, your Honor absolutely.

Transcript of October 28, 2004 hearing on Motion to Intervene, p. 4 (emphasis added). Later in the hearing, Mr. Spiro again carefully restated the proposed loophole.

> Mr. Spiro:   But a restricted order that simply says "any recovery in this court, we give notice before any disbursement is made," we're fine with that your Honor.

Transcript of October 28, 2004 hearing on Motion to Intervene, p. 18.

3

9.  Mr. Ewers does not suggest that he is fine with an order that requires that he give notice of any recovery obtained by this court's judgment in some other court.

10. Mr. Ewers does not suggest that he is fine with reporting to this Court any and all assets found. Mr. Spiro sharpens the point when he states:

> Mr. Spiro: Even though there is a judgment in England in the amount of 1.9 billion dollars, what's really at stake here in Boston is trying to collect what Heron said was with Corporation of the Bankhouse and Pomeroy here in Boston. That's the only reason we're here. And if we get recovery against those funds, then those funds are ultimately going to be disbursed in accordance with the parties' contract as adjudicated in Texas.

Transcript of October 28, 2004 hearing on Motion to Intervene, p. 19. This statement clearly reflects that it is Mr. Ewers' intention to pursue other assets outside of Massachusetts and outside of this Court's supervision. His statement that funds would be disbursed in accordance with the contract was expressly limited to the Bankhouse and Pomeroy fund.

11. The judgment proposed by Mr. Ewers completes the construction of their loophole.

> Plaintiff Larry Ewers is prohibited from disbursing any funds collected <u>in this action</u> from any of the Defendants, without seven (7) days' prior written notice to the Proposed Intervenors, by their counsel, Charles B. Kazarian, and approval by this Court. [Emphasis added].

12. Plaintiff's proposed judgment against Mr. Heron is in Mr. Ewers name and no others. The judgment does not require any communication with either the court or the creditors if the judgment is used for collection in some other action, in some other jurisdiction. The judgment may be domesticated or registered in other jurisdictions and subjected to the power of other Courts in post-judgment collection and/or receivership actions. The judgment does not reflect the interests of the remaining parties and no other court can reopen issues to test Mr. Ewers' interest in the claims that are being reduced to judgment. In order for ICF to be protected, the judgment needs to include ICF by name, and require any party collecting against Heron in any jurisdiction to do so only after notice to all creditors and approval by this Court.

13. The Complaint of Plaintiff-Intervenor meets the three-pronged test of Rule 24(a): (1) the complaint outlines the Plaintiff-Intervenor's primary position of ownership of the claim against Heron. This constitutes a claim of interest in the matter subject to the action; (2) Allowing a judgment in Mr. Ewers' name alone may impair the Plaintiff-Intervenor's ability to protect its interest since Mr. Ewers has been shown that he will not protect ICF; (3) Mr. Ewers, as can be seen by his complaint, does not adequately represent ICF. For these reasons, the Plaintiff-Intervenor requests that the court grant its intervention and reform any judgment to reflect the intent of the parties who own or share beneficial ownership of the claim.

Respectfully submitted,

s/Matthew C. Welnicki/

---

Michael S. Appel (BBO 543898)
Matthew C. Welnicki (BBO 647104)
Sugarman, Rogers, Barshak & Cohen, P.C.
101 Merrimac Street
Boston, MA 02114
(617) 227-3030
Fax: (617) 523-4001

Robert D. Green (Tex. No. 08368025)
440 Louisiana St., Ste. 1930
Houston, TX 77002
(713) 654-9222
Fax: (713) 654-2155

Attorneys for Intervening Party
International Children's Fund-Rokha
Parakey, Inc.

Dated: June 15, 2006

## CERTIFICATE OF SERVICE

    I hereby certify that a true and correct copy of the foregoing document has been forwarded to all known counsel of record via this Court's ECF System, on this the 15th day of June 2006, as follows:

Isaac H. Peres
Law Offices of Isaac H. Peres
50 Congress St., Ste. 225
Boston, MA 02109
fax number (617) 367-8840

Kenneth V. Nourse
Edwards, Angell, Palmer & Dodge, L.L.P.
111 Huntington Ave.
Boston, MA 02199
fax number (888) 325-9091

Alan M. Spiro
Edwards, Angell, Palmer & Dodge, L.L.P.
101 Federal St.
Boston, MA 02110
fax number (617) 439-4170

                                      s/Matthew C. Welnicki/
                                      _____

#378755

FROM : ICF RP                         FAX NO. :                    May. 18 2002 12:39PM  P10

# SPECIAL MEETING OF

# THE BOARD OF DIRECTORS OF

# INTERNATIONAL CHILDREN'S FUND - ROHKA PARAKEY, INC.

## MARCH 14, 2000

At a Special Meeting of the Board of Directors of International Children's Fund-Rohka Parakey, Inc., a Texas Non-Profit Corporation (the "Corporation"), at which meeting Stan R. Smith, Mr. Rex Hoke, and Mr. Larry Morris were present which constituted a quorum of the Directors, after being duly and timely notified of said Special Meeting, including notice as required by Article 13.01 of the By-Laws of the Corporation, called the meeting to order and, upon a motion duly made, seconded, and unanimously carried, it was:

IT IS RESOLVED, that Mr. Howard E. Liner, a Vice President of the Corporation, who holds United States of America Passport No.132162581, is hereby authorized to establish for and on behalf of the Corporation one or more bank accounts in a bank to be determined at the sole discretion of Mr. Liner, on such terms and conditions as may be agreed on with said bank;

RESOLVED FURTHER, that the following officers of the Corporation shall be and hereby are authorized, on behalf of the Corporation and as its own act, to sign, alone and with no countersignature, checks, drafts, notes, bills of exchange, acceptances, or other orders for the payment of money, and to endorse any checks, notes, bills, or other instruments owned by, held by, or endorsed to the Corporation, or to do any other acts convenient or necessary to the opening, maintenance, and closing of such accounts, and the deposit or withdrawal of funds therefrom:

| Authorized Officers: | | |
|---|---|---|
| | Mr. Stan R. Smith<br>U.S.A. Passport #132857076 | President/Director |
| | Mr. Howard E. Liner<br>U.S.A. Passport #132162581, | Vice-President/Director |

SPECIAL MEETING OF THE
BOARD OF DIRECTORS OF
INTERNATIONAL CHILDREN'S FUND-
ROHKA PARAKEY, INC.
PAGE 1


EXHIBIT A

IN WITNESS WHEREOF, there being no further business to come before the Board of Directors, the meeting was duly adjourned.

The foregoing reflects all business conducted by a quorum of the Board of Directors at the special meeting of the Board of Directors held on the 14th day of March, 2000.

DATED: The 14th day of March, 2000.

_____
Stan R. Smith, President/Director

_____
Rex Hoke, Vice-President/Director

_____
Larry Morris, Vice-President/Director

Corporate Seal



## ASSIGNMENT, CONVEYANCE AND BILL OF SALE

This ASSIGNMENT, CONVEYANCE and BILL OF SALE ("Conveyance") from HOWARD E. LINER (hereinafter referred to as "Grantor") to INTERNATIONAL CHILDREN'S FUND-ROHKA PARAKEY, INC. (hereinafter referred to as "Grantee"), was delivered and effective as of the 9TH day of May, 2000, ("Effective Date").

### WITNESSETH:

For the sum of Ten and No/100 Dollars ($10.00) cash, and other good and valuable consideration, the receipt and sufficiency of which is hereby acknowledged by Grantors, Grantor does hereby ASSIGN, TRANSFER, AND CONVEY, subject to the provisions herein, and all matters effecting or describing, in whole or in part, unto Grantee, effective as of the Effective Date:

All of Grantor's right, title, and interest, including without limitation, all proceeds derived therefrom, in and to the following instruments:

- That certain Profit Sharing Agreement dated May 9, 2000, by and between Howard E. Liner and Hsin-Ming Chuo "Alex Cho" individually and as the authorized signatory of Big Power Products Corporation.

All of the foregoing interests, rights, properties and estates identified hereinabove is referred to the "Contracts".

It is the intent of this Conveyance that Grantee shall own, after the Effective Date, the entirety of the interest owned by Grantor in the Contract as of the Effective Date, subject to all matters recited herein.

All of the terms, provisions, covenants, and agreements herein contained, shall extend to, and be binding upon, the parties hereto, and their respective successors and assigns.

If this Conveyance is executed in multiple counterparts, or by facsimile, each shall, for all purposes, be deemed to be an original, and all such counterparts together shall constitute but one and the same instrument. All such counterparts, if any, shall be identical.

Page 1 of 2

EXHIBIT B

EXECUTED on the date set forth below in the acknowledgment, but effective for all purposes as of the Effective Date.

"GRANTOR"

HOWARD E. LINER

*H. E. Liner* (signature)

Howard E. Liner

STATE OF TEXAS §
§
COUNTY OF HARRIS §

This instrument was acknowledged before me on the 9th day of May, 2000, by Howard E. Liner.



CHRIS TILLERSON
MY COMMISSION EXPIRES
February 8, 2003

*Chris Tillerson* (signature)
Notary Public In And For The
State Of Texas

CAUSE NO. 2003-33307

| | | |
|---|---|---|
| E.P.D. MANAGEMENT COMPANY L.L.C. AND LARRY EWERS,<br>Plaintiffs, | § § § § | IN THE DISTRICT COURT OF |
| VS. | § § § | |
| INTERNATIONAL CHILDREN'S FUND-ROKHA PARAKEY, INC.,<br>Intervenor, | § § § § § | HARRIS COUNTY, TEXAS |
| and | § § | |
| HOWARD EUGENE LINER,<br>Defendant. | § § § | 151ST JUDICIAL DISTRICT |

FILED CHARLES BACARISSE District Clerk MAY 2 2 2006 Harris County, Texas By _____ Deputy

## PARTIAL JUDGMENT

The Plaintiffs E.P.D. Management Company L.L.C. and Larry Ewers, filed this suit in regard to a claim against Christopher Patrick Heron. The Plaintiffs, the Defendant, Howard Eugene Liner, and Intervenor International Children Fund-Rokha Parakey, Inc. have all claimed in interest in the Heron claim.

Based upon a stipulation of the parties, the Court finds that International Children's Fund-Rokha Parakey, Inc. has an undivided interest in the $1.98 billion claim against Mr. Heron, which is the basis of the lawsuit styled *Larry Ewers v. Christopher Patrick Heron, Corporation of the Bankhouse, Inc., Societe Bankhouse, and James F. Pomeroy, II*, Cause No. 04-10024-RWZ, In the U.S. District Court, District of Massachusetts. The Court has not yet determined the percentage amount of the International Children's Fund-Rokha Parakey, Inc.'s interest.

SIGNED AND ENTERED the 22nd day of May, 2006.

_Caroline Baker_
Honorable Judge Presiding


EXHIBIT C