# Law Office of Isaac H. Peres

50 Congress Street
Boston, Massachusetts 02109
Phone (617) 722-0094
Fax (617) 367-8840

September 13, 2006

Honorable Rya W. Zobel
U.S. District Court for the District of Massachusetts
John Joseph Moakley U.S. Court House
1 Courthouse Way, Suite 2003
Boston, MA 02210

    Re:  Ewers v. Heron, C.A. No. 04-10024-RWZ

Dear Judge Zobel:

    As you know, the above-mentioned case concerns a rather large debt owed by the Defendant, Christopher Patrick Heron ("Heron").  I represent the following would be interveners/creditors of Heron: Ah Ping Ban, the Flamecrest Enterprises Limited Trust, and the Balz Rudolph Wolfensberger Trust ("Pladott Group"), all of which are represented by Alexander Pladott ("Pladott"), whom I also represent.

    As you may remember, the Pladott Group attempted unsuccessfully to intervene in this action.  Although you denied the Motion to Intervene, you stated at the hearing on the Motion that "Counsel shall submit a form of default judgment against all existing defendants that shall include a clause ***prohibiting plaintiff [Larry Ewers] from disbursing any funds collected without notice to the proposed intervenors and approval by the Court***." (emphasis added).  Charles Kazarian, the previous counsel for the Pladott Group, submitted a proposed Judgment to this Court [Docket Entry No. 36].

    Subsequently, you stayed this case pending a final judgment in a case in Texas between the Plaintiff, Larry Ewers, and his purported principal, Howard Eugene Liner, regarding the scope of a power of attorney given to Ewers by Liner.  In July 20, 2006, you denied a Motion to Intervene filed by International Children's Fund-Rokha Parakey, Inc. ("ICF").  ICF had intervened in the Texas litigation between Ewers and Liner.  You denied ICF's Motion, but reiterated that "should [Ewers] recover any of the disputed funds, he shall pay all such monies into court.  ***He shall not disburse any sums without prior approval of the court after giving notice to all would-be interveners***." (emphasis added).

I have been informed by Mr. Pladott that a settlement has been reached in the Texas case (following a mediation) and that Ewers plans to submit a proposed Judgment to you which would allow him to distribute any monies recovered to himself and the other parties to the Texas litigation, including ICF, according to certain agreed upon percentages. On behalf of the Pladott Group, I hereby request that you *not* enter any such judgment, because it would contradict the letter and intent of the previous orders entered in the case, i.e., that Ewers not be allowed to make any distributions of monies recovered until *all* would be intervenors*, including the Pladott Group*, be allowed to participate in the recovery.

Moreover, as you know, Pladott entered into written agreements with Ewers regarding the collection and division of any money recovered to satisfy Heron's debt. At the hearing on Pladott's Motion to Intervene, Ewers acknowledged that the monies which he would collect "would be divided up according to the parties' contracts and their contractual rights." These contractual rights were the subject of a lawsuit filed by Ewers against Pladott in Texas which was eventually transferred to this Court, and dismissed without prejudice by agreement of the parties.

In the contractual agreements acknowledged by Ewers at the hearing on the Motion to Intervene, he agreed to split any money recovered from Heron with the Pladott Group according to certain agreed upon percentages. The percentages have their origin in a document dated June 20, 2002 issued by the acting Solicitor in the United Kingdom for the four parties/Heron creditors, Anthony Feldman, indicating the amount of the outstanding Heron debt, including interest, owed to each of the four parties/creditors. More specifically, the four parties/creditors all agreed that the distribution of any funds eventually collected toward the Heron debt would be distributed on a "pari passu" basis as follows:

| | |
|---|---|
| Cho/Liner | 71.49% |
| Ban/Flamecrest/Wolfensberger | 28.51% |

Ewers represents the 71.49% belonging to Cho/Liner (pursuant to the aforementioned Power of Attorney), and Pladott represents the creditors entitled to 28.51%. The June 20, 2002 document has been previously submitted to the Court and is a part of the record in this case. All of the subsequent contracts between Ewers and Pladott have acknowledged this percentage split. These contracts were pled with great specificity in C.A. No. 05-10356-RWZ filed by Pladott against Ewers in this Court (also dismissed without prejudice), and need not be rehashed here. Most importantly, at this time, there is no litigation in either Texas or Massachusetts in which the scope and validity of these agreements is at issue.

Accordingly, in the event that you decide to enter a Judgment permitting Ewers to distribute any monies which he recovers, I would request that the Judgment include a provision requiring Ewers to pay all such monies into the Court; to pay 28.51% of any

3

recovery to the Pladott Group; and to split the remaining 71.49% amongst himself and the other parties to the Texas litigation pursuant to their own agreement.

The 28.51% to be paid to Alexander Pladott, Trustee should be paid directly to: FHT Trust – Alexander Pladott, Trustee, Wells Fargo Bank, N.A. 21108 Ventura Blvd., Woodland Hills, CA 91364, USA, Routing Number: 121-00248; Account Number: 6099820414; with a notice to Alexander Pladott at: e-fax: 413-832-8802 and e-mail: Alex@pladott.com.

Thank you for your attention to this matter.

Sincerely,

/s/

Isaac H. Peres

cc:     Alexander Pladott

This document was created with Win2PDF available at http://www.win2pdf.com.
The unregistered version of Win2PDF is for evaluation or non-commercial use only.