## Law Office of Isaac H. Peres

50 Congress Street
Boston, Massachusetts 02109
Phone (617) 722-0094
Fax (617) 367-8840

November 2, 2006

**BY ELECTRONIC FILING**

Honorable Rya W. Zobel
U.S. District Court for the District of Massachusetts
John Joseph Moakley U.S. Court House
1 Courthouse Way, Suite 2003
Boston, MA 02210

      Re:  Ewers v. Heron, C.A. No. 04-10024-RWZ

Dear Judge Zobel:

      I have reviewed the "Proposed Separate and Final Judgment against Defendant Christopher Patrick Heron" recently submitted by the Plaintiff, Larry Ewers.  The proposed Judgment does ***not*** appear to include a provision "prohibiting Plaintiff [Ewers] from disbursing any funds collected without notice to the proposed intervenors and approved by the court."  Indeed, even Ewers admits that the inclusion of such a provision is appropriate to protect the 28.51% interest which my client, Alexander Pladott, has in any sums collected by Ewers towards the satisfaction of the Heron debt.  Motion to Re-Open Case and for Entry of Final Judgment Against Defendant Christopher Patrick Heron, p. 7, ¶ 22.  With respect to the origin of Mr. Pladott's 28.51% interest, I refer the Court to my previous letter dated September 13, 2006.

      Even more disturbing is the fact that paragraph 9 of Mr. Ewers' proposed Judgment states that the "parties in interest" (which does not include Mr. Pladott) are "ORDERED ... to cause any Heron assets so reached to be deposited into this Court, ***for distribution in accordance with the percentages outlined in the preceding paragraph*** and/or pursuant to the approval and further Order of this Court." (emphasis added).  If the Judgment is entered in this form, it could easily be construed to permit Ewers, in the absence of any "further Order of this Court," to make a distribution to himself and the other self-designated "parties in interest" without making any distribution to Pladott.  I believe that Mr. Ewers submitted this proposed language with this particular result in mind.

Thus, on behalf of Mr. Pladott, I reiterate my request that the Judgment issued in this case include a specific provision (1) requiring all monies collected towards the satisfaction of the Judgment to be deposited into the Court (with notice given to the general public); and (2) prohibiting Mr. Ewers or anyone else from making a distribution of the monies without the specific approval of this Court. These provisions are, once again, consistent with the prior rulings of this Court in this case.

In the alternative, Mr. Pladott has drafted his own proposed Judgment which modifies the percentages contained in paragraph 7 of the proposed Judgment submitted by Mr. Ewers so as to take into consideration his 28.51% interest in whatever Ewers collects towards the Judgment. I have attached this document as an Exhibit to this letter. Since Mr. Ewers' attorney has previously represented to this Court that the monies which Ewers would collect from Heron "would be divided up according to the parties' [Ewers and Pladott] contracts and their contractual rights" [Docket Entry #51, pp. 14-15], my client believes that it makes sense to include his percentage recovery in the Judgment. As you may recall, Mr. Pladott's prior counsel, Charles Kazarian, submitted a proposed Judgment on Mr. Pladott's behalf [Docket Entry #36]. Mr. Pladott simply wishes to substitute the attached proposed Judgment for the one previously submitted by Attorney Kazarian, and to have you consider it prior to the entry of a Judgment in this case.

As always, thank you for your attention and patience in this matter.

Sincerely,

/s/ Isaac H. Peres

Isaac H. Peres