UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

_____
)
LARRY EWERS,                                       )
                                                   )
    Plaintiff,                                     )
                                                   )
    v.                                             )    CIVIL ACTION NO.
                                                   )    04-10024-RWZ
                                                   )
CHRISTOPHER PATRICK HERON,                         )
CORPORATION OF THE BANKHOUSE, INC.,                )
SOCIETE BANKHOUSE, and                             )
JAMES F. POMEROY, II,                              )
                                                   )
    Defendants.                                    )
_____)

## SEPARATE AND FINAL JUDGMENT AGAINST
## DEFENDANT CHRISTOPHER PATRICK HERON

    This action came on for hearing before the court, the Honorable Judge Rya W. Zobel District Judge presiding.  Upon consideration of:

1.    (Docket #1)  The original complaint in this action, filed on January 5, 2004 and entered on January 8, 2004 (the "Complaint")

2.    (Docket #9)  Notice:  Clerk's entry of default as to Christopher Patrick Heron, entered June 4, 2004.

3.    (Docket #13)  Plaintiff's Motion for Entry of Final Judgment Against Defendant Christopher Patrick Heron, entered on July 13, 2004.

4.    (Docket #14)  Affidavit of Alan M. Spiro in Support of Plaintiff's Motion for Entry of Final Judgment Against Defendant Christopher Patrick Heron, entered on July 13, 2004.

5. (Dockets #22 and #23) Proposed Intervenors' Motion to Intervene and the Proposed Intervenors' Complaint of Intervenors, together with all memoranda and reply memoranda in support thereof or in opposition there to.

6. (Dockets #67, #68 and #69) Proposed Intervenor International Children's Fund –Rokha Parakey, Inc.'s Motion to Intervene with memorandum un support and the proposed intervenor's complaint.

7. (Dockets #25, #29, #30, #33 and #34) Plaintiff's Opposition to the Proposed Intervenors' Motion to Intervene and the Plaintiff's and Proposed Intervenors' supplemental memoranda with respect to the Motion to Intervene.

8. (Docket #51) Transcript of Hearing on Motion to Intervene held on October 28, 2004 before Judge Zobel. The arguments of the Plaintiff's and Proposed Intervenors'counsel.

9. (Docket #60) This court's Memorandum of Decision dated February 3, 2006.

10. (Docket #70) Order denying docket #67 Motion to Intervene.

11. (Docket #74) Plaintiff's Motion to Re-Open Case and for Entry of Final Judgment Against Defendant Christopher Patrick Heron.

12. (Docket #75) Separate and Final Judgment Against Defendant Christopher Patrick Heron with Exhibit A: "Agreed Final Judgment with Prejudice" in a related case in Texas, Cause No. 2003-33307, EPD Management

Company LLC and Larry Ewers vs. Howard Eugene Liner ("the Texas Case").

13. Case No. 05-10356-RWZ, a related case, Alexander Pladott vs. Larry Ewers.

14. Proposed Final Judgment for "Separate and Final Judgment Against Christopher Patrick Heron" submitted by Pladott's Group of Would-Be Intervenors.

it is hereby ORDERED, ADJUDGED AND DECREED:

1. The issues raised and left pending and unresolved as described in the Court's Memorandum of Decision of February 3, 2006 have been fully and finally resolved by the Texas Judgment.

2. All parties to the Texas Case agreed to the entry of the Texas Judgment and have ratified it.

3. All previous disputes amongst Plaintiff Larry Ewers and his limited liability company E.P.D. Management Company L.L.C., on the one hand, and various proposed intervenors in this case who were parties in the Texas Case, *viz.*, Howard Eugene Liner, International Children's Fund – Rokha Parakey, Inc., Buckley, Mathews, White & Howell, L.L.P., and Larry Morris, on the other hand, with respect to the irrevocability, validity, and continuing force and effect of the June 18, 2002 Exclusive Power of Attorney and Mandate, which Howard Eugene Liner signed in favor of Larry Ewers (the "POA"), have been resolved by the Texas Judgment.  Howard Eugene Liner, International Children's Fund – Rokha Parakey, Inc., Buckley, Mathews, White & Howell, L.L.P., and Larry Morris have

each agreed to and fully ratified the POA, as well as Plaintiff Larry Ewers' actions in filing and prosecuting this lawsuit.

4. The POA is valid, irrevocable, and remains in full force and effect, and any and all attempts to revoke the POA were and are void.

5. The POA gave Larry Ewers full authority to file and prosecute this action.

6. Plaintiff Larry Ewers and his limited liability company E.P.D. Management Company L.L.C., on the one hand, and various proposed intervenors in this case who were parties in the Texas Case, *viz.*, Howard Eugene Liner, International Children's Fund – Rokha Parakey, Inc., Buckley, Mathews, White & Howell, L.L.P., and Larry Morris, have also resolved amongst themselves all the previous disputes concerning the ownership of the claims asserted in this case.

7. The following parties (the "Parties-in-Interest") own and are entitled to the following undivided interests in this Judgment against Christopher Patrick Heron and in any proceeds of this Judgment recovered from assets of Christopher Patrick Heron found anywhere in the world:

| | |
|---|---|
| Larry Ewers/E.P.D. Management Company LLC | 21.447% |
| Howard Eugene Liner | 11.438% |
| International Children's Fund –Rokha Parakey, Inc. | 27.166% |
| Buckley, Mathews, White & Howell, LLP | 10.724% |
| Larry Morris | 0.715% |
| Alexander Pladott's group: | 28.510% |
| Ah Ping Ban | |
| Flamecrest enterprises limited trust | |
| Balz Rudolf Wolfensberger Discrentionary trust | |

(individually and collectively, the "Parties-in-Interest").

8. The Parties-in-Interest have all agreed and stipulated that any of them may, individually or collectively, undertake efforts to locate and reach assets of Christopher Patrick Heron anywhere in the world (the "Heron Assets"), for the sole purpose of collecting upon this Judgment on behalf of all the Interested Parties in accordance with the percentages specified above and in keeping with the other provisions of this Judgment.

9. The Parties-in-Interest are ORDERED (a) not to interfere with the efforts of any other Party-of-Interest to locate, reach and collect any Heron Assets, and (b) to cause any Heron Assets so reached to be deposited into this Court, for distribution in accordance with the percentages outlined in the preceding paragraph and/or pursuant to the approval and further Order of this Court.

10. The Parties-in-Interest are ORDERED to give notice to this Court, under seal, and to each other, of any post-judgment enforcement actions or proceedings, orders or judgments, including but not limited to any garnishments, turnover orders, or writs of execution, and to provide copies of such orders or judgments to this Court, under seal, and to all Parties-in-Interest.

11. The Court finds and determines that there is no just reason for delay in the entry of judgment as against Defendant Christopher Patrick Heron and as to fewer than all of the claims or parties.

12. Plaintiff Larry Ewers shall have and recover judgment against Defendant Christopher Patrick Heron on Count II of the Complaint in the sum of

One Billion Nine Hundred Eighty Million Dollars ($1,980,000.000), plus interest as provided by law commencing as of January 5, 2004, the date of filing of the original Complaint in this action.

13.     Plaintiff Larry Ewers shall have and recover judgment against defendant Christopher Patrick Heron on Count V of the Complaint in the sum of $5,940,000,000, plus interest as provided by law, commencing as of January 5, 2004,

THIS IS A FINAL JUDGMENT.

SO ORDERED.

_____                          _____
Date                                              Rya W. Zobel, United States District Judge