# Susan Stone – Trustee
Flamecrest Enterprises Limited Trust
Balz Wolfensberger Discretionary Trust
22144 Clarendon Street, Suite 120, Woodland Hills, CA 91367
Tel: 818 634-8502   E-Mail: ss4re@aol.com

November 27, 2006



Honorable Rya W. Zobel
U.S. District Court for the District of Massachusetts
John Joseph Moakley U.S. Court House
1 Courthouse Way, Suite 6110
Boston, MA 02210, USA
Via FedEx Tracking No.  8560 3080 4163

       RE:   Civil Action No. 04-10024-RWZ

Your Honor Judge Zobel:

I am a Trustee for two of the would-be intervenors in the above captioned case.

I am writing Your Honor in response to the Plaintiff's Motion to "Re-Open Case No. 04-10024-RWZ," Docket Entry No. 74 in which the Plaintiff Larry Ewers challenges the legal authority of Alexander Pladott to represent the two trusts for the would-be intervenors in this instant case.

I first met Larry Ewers in London, U.K during the bankruptcy court hearing at the High Court of Justice and later while I assisted the parties negotiate and prepare the January 17, 2002 Settlement Agreement with the Defendant Heron.

I was dully appointed as trustee of the Flamecrest Enterprises Limited Trust and the Balz Wolfensberger Discretionary Trust on

January 23, 2003 by Anthony S. Feldman, the former trustee and solicitor of the same two trusts. I personally handed my notarized appointment as trustee of the Flamecrest Enterprises Limited Trust and the Balz Wolfensberger Discretionary Trust to Mr. Ewers the same day of my appointment. I also gave copies to Malcolm Harris, the former U.K. Trustee of the Heron's UK Bankruptcy Estate.

Mr. Pladott has been a trustee for each of the two above trusts from their inception. He is legally authorized to act on their behalf on all issues related to this instant case and to the collection of the portion of the Heron Debt owed them. His appointment as such was reaffirmed and ratified by each of the two trusts by a resolution dated May 5, 2003. I personally sent these two documents to Messrs. Ewers and Harris in May 2003.

On October 29, 2004, Ewers filed a "Supplemental Brief…" Docket Entry No. 33. On Page 8, Paragraph II.A. of his brief, Ewers stated to the court that *"if Pladott sought merely to intervene in this instant case to obtain judgments against the defendant in the amounts of the respective debts owed to the parties for which he acts as trustee or under a power of attorney, Ewers would have not objected."*

Mr. Pladott seeks to secure the 28.51% of the Heron Debt owed to his group of creditors, which includes the two trusts, pursuant to the January 17, 2002 Settlement Agreement with Defendant Heron and all subsequent agreements between the parties.

The U.S. Court of Appeals issued an opinion on August 11, 2005, Page 3 noting:

*"The District Court held a hearing on the Motion to Intervene, and ascertained the claimant's interest in the case. The court was also told that there were two separate lawsuits pending in Texas, on testing the relative rights between Ewers and Liner under their agreements and the other testing the relative rights of Ewers and the other claimants, as represented by Pladott, to whatever money Ewers recovered from Heron."*

The Texas cases, including Ewers v. Pladott, were terminated leaving all agreements between Ewers and Pladott related to this case legally binding.

Based on Ewers' request in Docket Entry No. 75 which excludes Pladott's group from the final judgment, and his manipulation within the different jurisdictions of the justice system, I believe that Pladott's group will never receive their respective shares of any proceeds pursuant to the final judgment if the Court does not allow their formal intervention for that purpose.

I respectfully request and pray that Your Honor review all new evidence that has come to light since the October 28, 2004 hearing and reconsider allowing Pladott's group of would-be intervenors "*to intervene in this instant case to obtain judgment against the defendant in the amount of the respective debts owed to the parties,*" as presented by Mr. Ewers in his brief to this court - Docket Entry No. 33, Page 8.

Respectfully yours,

*Susan Stone*

Susan Stone, Trustee
Flamecrest Enterprises Limited Trust
Balz Wolfensberger Discretionary Trust

Cc:   San Fai Chan, Esq.
      Alexander Pladott