## UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

_____
                                        )
**LARRY EWERS,**                        )
                                        )
          **Plaintiff**                 )
                                        )
**v.**                                  )          **CIVIL ACTION**
                                        )          **NO. 04-10024-RWZ**
**CHRISTOPHER PATRICK HERON,**          )
**CORPORATION OF THE BANKHOUSE,**       )
**INC., SOCIETE BANKHOUSE, AND**        )
**JAMES F. POMEROY, II,**               )
                                        )
          **Defendants.**               )
_____)


## RESPONSE OF WOULD-BE INTERVENOR ALEXANDER PLADOTT
## TO MOTION OF LARRY EWERS TO RE-OPEN CASE

In his Motion to Re-Open this case, Ewers addresses the interest of the would-be intervenor in this case, Alexander Pladott ("Pladott"), in a section entitled "The Status of Would-Be Intervenor Alexander Pladott" [pp. 5-7]. Ewers has taken the position that Pladott should ***not*** be included in Ewers' proposed Judgment because Pladott's representation of certain creditors of Heron is "undocumented". This statement is incorrect, and the fact that Pladott is an authorized representative of certain of Heron's creditors, i.e., Ah Ping Ban, Flamecrest Enterprises Limited Trust and Balz Rudolph Wolfensberger Trust, has been confirmed in letters sent to this Court by these creditors in this case [Docket Entry Nos. 77 and 78].

Secondly, Ewers argues that Pladott should not be included in the proposed Judgment in this case because "Pladott's alleged group of creditors are not owners of the $1.98 billion claim against Heron ...". Motion to Re-Open, p. 7. According to Ewers,

"the issues surrounding Pladott's claims do not become relevant unless and until assets of [Heron] are actually located and reached." Id. at 6. Ewers does not deny, however, that he (as Liner's representative) and Pladott have entered into an agreement that he would share any money recovered towards the Heron debt on a "pari-passu" basis with Pladott, the latter's percentage being 28.51% and Ewers' percentage being 71.49%.[1] This means that Ewers is, in effect, the "owner" of 71.49% of any money recovered towards the Heron debt.

The fact of the matter is that the Judgment which Ewers proposes does not simply establish the amount of the debt owed by Heron to Liner – it establishes certain undivided interests in the Judgment (for Ewers and others) **and** "in the proceeds of this Judgment recovered from the assets of ["Heron"] found anywhere in the world". Proposed Judgment, ¶ 7 (emphasis added). It stands to reason that if Ewers has agreed to share a percentage of any monetary recovery from Heron with Pladott, then Pladott's percentage interest in the **proceeds** of the Judgment should also be included therein. In other words, although Pladott may not be an "owner" of the Liner debt which is the subject of the Judgment, Pladott has an undeniable interest in the proceeds of the Judgment to be recovered from Heron's assets, and he is, for this reason, a party-in-interest to the Judgment.

---

[1] For example, in a related lawsuit filed in this Court [Pladott v. Ewers, C.A. No. 05-10356-RWZ], Pladott alleged as follows in paragraph 33 of his Complaint: "The acting solicitor in the U.K. for the four parties/ creditors, Anthony Feldman ("Feldman") issued a document dated June 20, 2002 indicating the amount of the outstanding Heron debt, including interest, owed to each of the four parties/creditors. The four parties/creditors all agreed that **the distribution of any funds eventually collected toward the Heron debt be distributed on a 'pari passu' basis**: A. Cho/Liner 71.49%    B. Ban/Flamecrest/Wolfensberger 28.51%" (emphasis added). In his Answer, Ewers stated "On information and belief, **admitted**." (emphasis added).

Finally, Ewers argues that Pladott should not be included in the Judgment because "he has refused to pay any of the costs incurred by Ewers for the filing and prosecution of this suit on a separate debt." Motion to Re-Open, p. 6. Pladott submits that there has never been any determination by any court that his alleged lack of contribution bars his recovery, as Ewers claims. In fact, this erroneous assertion was the subject of a lawsuit filed by Ewers against Pladott in Texas [Ewers v. Pladott, United States District Court for the Southern District of Texas, Houston Division, C.A. No. H-04-4434], in which Ewers sought to have his obligation to share with Pladott any money recovered towards the Heron debt declared void. The Texas Court eventually transferred the case to this Court and it became C.A. 05-12014-RWZ. There was essentially no activity in the case following the transfer, and on May 9, 2006, the case was dismissed.[2] Accordingly, it cannot be disputed that Ewers is obligated to share the proceeds of any recovery from Heron's assets with Pladott, and this fact should be reflected in any Judgment entered in this case if and when it is re-opened.

ALEXANDER PLADOTT

By his Attorney,

    /s/  Isaac H. Peres
Isaac H. Peres, BBO #545149
50 Congress Street
Boston, MA 02109
(617) 722-0094

---

[2] This Court considered the existence of this litigation to be an impediment to the allowance of Pladott's Motion to Intervene.

<u>CERTIFICATE OF SERVICE</u>

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those as non registered participants on December 22, 2006.

/s/ Isaac H. Peres
Isaac H. Peres