# ROBERT D. GREEN & ASSOCIATES, P.C.

Attorneys at Law
440 Louisiana Street
Suite 1930
Houston, Texas 77002
(713) 654-9222 - Fax No. (713) 654-2155

Robert D. Green ‡
---------------------------------------------------
‡ Board Certified Personal Injury Trial Law -
Texas Board of Legal Specialization

January 19, 2007

Honorable Judge Rya W. Zobel
U.S. District Court for the District
  of Massachusetts, Boston Division
United States Courthouse
One Courthouse Way, Suite 2300
Boston, MA 02210

    Re:    C.A. No. 1:04-CV-10024-RWZ; *Larry Ewers v. Christopher Patrick Heron, et al.*; In the United States District Court for the District of Massachusetts, Boston Division

Your Honor:

    I represent ICF, a proposed Intervenor, and pursuant to the Texas judgment a 38% owner of the Plaintiff's claim in this court. See Docket No. 75.

    On October 26, 2006, Plaintiff filed his Motion to Re-Open Case and for Entry of Final Judgment against Defendant Christopher Patrick Heron and Proposed Separate and Final Judgment Against Christopher Patrick Heron. That motion and form of judgment was agreed to by all of the owners of the debt made the basis of the Ewers claim. The Court has not yet ruled on this motion.

    Mr. Pladott claims to represent other creditors of the Defendant. He also claims to have an agreement with Mr. Ewers. Mr. Pladott filed a letter in response to Plaintiff's motion opposing the form of the judgment by arguing that it would allow distribution of money without court approval. Docket No. 76. Mr. Pladott then filed a Motion for Leave to File Response to Plaintiff's Motion to Reopen Case wherein he requested a court finding of his entitlement to 28.51% of the proposed judgment without any adjudication of his claim. Docket No. 79.

    ICF believes that the proposed judgment already would prohibit distribution without court approval. However, Mr. Pladott's stated concern could be resolved with the simple inclusion of the language found in this court's order of July 20, 2006.

> "Should Plaintiff [or any other party] recover any of the disputed funds, he shall pay all such monies into the court. [They] shall not disburse any sums without prior approval of the court after giving

Honorable Judge Rya W. Zobel  
January 19, 2007  
Page 2

Robert D. Green & Associates, P.C.

---

notice to all [other parties and] would be intervenors."

Docket No. 70 (matter in brackets added).

If any money is recovered, Mr. Pladott could then litigate his entitlement to his claimed percentage. The issues would include:

1. The validity of Mr. Pladott's contract with Mr. Ewers.

2. Mr. Pladott's right to recover from the percentage of any party who was not a party to his contract with Mr. Ewers.

3. Mr. Pladott's authority to enter into any contract and to represent the interests he claims to represent.

4. Mr. Pladott's claim to any punitive damages portion of the recovery.

5. Whether or not Mr. Pladott should be required to file his own claim against Mr. Heron for the debt Mr. Heron owes to those whom Mr. Pladott claims to represent.

These issues all become moot if no money is ever recovered and their resolution is not necessary for the entry of a judgment for the Plaintiff against the Defendant.

Respectfully,

Robert D. Green

cc: Isaac H. Peres  
Law Offices of Isaac H. Peres  
50 Congress St., Ste. 225  
Boston, MA 02109  
*Attorney for Alexander Pladott, et al.*

cc: Alan M. Spiro  
Edwards, Angell, Palmer & Dodge, L.L.P.  
101 Federal St.  
Boston, MA 02110  
*Attorney for Plaintiff, Larry Ewers*