# Law Office of Isaac H. Peres

50 Congress Street<br>
Boston, Massachusetts 02109<br>
Phone (617) 722-0094<br>
Fax (617) 367-8840

January 29, 2007

**BY ELECTRONIC FILING**

Honorable Rya W. Zobel
U.S. District Court for the District of Massachusetts
John Joseph Moakley U.S. Court House
1 Courthouse Way, Suite 2003
Boston, MA 02210

      Re:  Ewers v. Heron, C.A. No. 04-10024-RWZ

Dear Judge Zobel:

      This letter is being sent as a response to the correspondence to you from Robert D. Green dated January 19, 2007.  As you know, Attorney Green represents International Children's Fund – Rokha Parakey, Inc. ("ICF"), a proposed intervenor in this case, and I represent Alexander Pladott, the person which is the subject of Attorney's Green's letter.

      In his letter, Attorney Green opposes the inclusion of Mr. Pladott's 28.51% share in any money recovered towards the Heron debt in the Judgment which the Plaintiff, Larry Ewers, has requested this Court to enter in this case.  More specifically, on page 2 of his letter, Attorney Green states that it would be inappropriate to include Mr. Pladott's "claimed percentage" in the Judgment until certain issues are litigated by Mr. Pladott.

      Attached hereto is a letter from Attorney Green to Mr. Pladott dated May 1, 2006, in which Attorney Green confirms, on behalf of ICF and its President, Stan R. Smith, that "the interest of your [Pladott's] group will remain as reflected in other documents at 28.51%".  In addition, I have attached to this letter a fully executed Memorandum of Understanding dated May 22, 2006 between Mr. Pladott and Mr. Smith.  In said Memorandum, ICF specifically acknowledged the existence of the January 17, 2002 Settlement Agreement between Heron and his creditors; that Howard Eugene Liner ("Liner") and Heron's other creditors agreed that Liner's "share of the Heron debt is 71.49% of whatever is collected"; that Pladott *is* the valid representative of the other creditors whose agreed upon share is 28.51% of whatever is collected; and that ICF's interest in the Heron debt derives solely from Liner's 71.49% agreed upon share.

   Accordingly, ICF has already agreed that Mr. Pladott is the valid representative of certain of Heron's creditors who are entitled (pursuant to the January 17, 2002 Settlement Agreement between Heron and his creditors) to 28.51% of whatever is collected towards the Heron debt.  Attorney Green has no basis, therefore, for taking the positions set forth in his recent letter, and it should not be given any credence by this Court.

   Thank you for your attention to this matter.

                 Sincerely,

                 /s/   Isaac H. Peres

                 Isaac H. Peres