# UNITED STATES DISTRICT COURT
# DISTRICT OF MASSACHUSETTS

_____
                                            )
**LARRY EWERS,**                            )
                                            )
       **Plaintiff**     )
v.                                          )
                                            )
                                            )
**CHRISTOPHER PATRICK HERON,**              )
**CORPORATION OF THE BANKHOUSE,**           )
**INC., SOCIETE BANKHOUSE, AND**            )   **CIVIL ACTION**
**JAMES F. POMEROY, II,**                   )   **NO. 04-10024-RWZ**
                                            )
       **Defendants**   )
                                            )
**and**                                     )
                                            )
**ALEXANDER PLADOTT,**                      )
                                            )
       **Plaintiff-Intervenor.** )
_____)

## MOTION TO INTERVENE OF ALEXANDER PLADOTT

Alexander Pladott hereby requests this Court to allow him to intervene in this case for the sole purpose of naming him as Plaintiff-Intervenor and thereby including his 28.51% interest in the proposed Judgment which the Plaintiff, Larry Ewers, has submitted to this Court in conjunction with his Motion to Re-Open this case. As grounds for this Motion, Pladott states the following:

    1.    It is undisputed that Pladott is the valid representative of three creditors of the Defendant, Christopher Patrick Heron ("Heron"), namely, Ah Ping Ban, Flamecrest Enterprises Limited Trust, and Balz Rudolph Wolfensberger Trust (hereinafter, "Pladott

Group"). This fact has been re-confirmed in letters sent to this Court by these creditors in this case [Docket Entry Nos. 77 and 78].

2. On January 17, 2002, Heron entered into an agreement with Howard Eugene Liner[1] and the Pladott Group, in which Heron acknowledged his debt to Alex Cho/Liner[2] and the Pladott Group.

3. On June 20, 2002, there was a document issued by Anthony Feldman, the acting Solicitor in the United Kingdom for the four Heron creditors, in which the parties agreed that the distribution of any funds collected towards the Heron debt would be distributed on "pari passu" basis as follows: Cho/Liner – 71.49% and Pladott Group – 28.51%. This fact is undisputed.[3]

4. Accordingly, the Liner/Ewers share of the Heron debt is 71.49% of whatever is collected towards the Heron debt, and the Pladott's share is 28.51% of whatever is collected towards the Heron debt. Liner is, in effect, the "owner" of a percentage of any recovery, as is Pladott.

5. Even Ewers' attorney has acknowledged to this Court that the monies which Ewers will hopefully collect from Heron on behalf of Liner as a result of this

---

[1] Liner's interests are represented by Ewers.

[2] Alex Cho and Liner had entered into a profit sharing agreement whereby the two would share equally from the profit generated by a trading transaction orchestrated by Heron.

[3] For example, in a related lawsuit filed in this Court [Pladott v. Ewers, C.A. No. 05-10356-RWZ], Pladott alleged as follows in paragraph 33 of his Complaint: "The acting solicitor in the U.K. for the four parties/creditors, Anthony Feldman ("Feldman") issued a document dated June 20, 2002 indicating the amount of the outstanding Heron debt, including interest, owed to each of the four parties/creditors. The four parties/creditors all agreed that *the distribution of any funds eventually collected toward the Heron debt be distributed on a 'pari passu' basis*: A. Cho/Liner 71.49% B. Ban/Flamecrest/Wolfensberger 28.51%" (emphasis added). In his Answer, Ewers stated "On information and belief, *admitted*." (emphasis added).

lawsuit "would be divided up according to the parties' [Ewers and Pladott] contracts and their contractual rights" [Docket Entry #51, pp. 14-15].

6. In addition, Ewers has acknowledged in his Motion to Re-Open this case [Docket Entry #74] that Pladott has an interest in the subject matter of the proposed Judgment when Heron's assets are "located and reached." Id. at 6.

7. Thus, Pladott has an undisputed 28.51% interest in any monetary recovery towards the Judgment from Heron's assets, and he is, for this reason, a party-in-interest to the Judgment.

8. Indeed, the proposed Judgment which Ewers has filed with this Court in conjunction with his Motion to Re-Open does not simply establish the amount of the debt owed by Heron to Liner – it establishes certain undivided interests in the Judgment (for Ewers and others) *and* "in the proceeds of this Judgment recovered from the assets of ["Heron"] found anywhere in the world". Proposed Judgment, ¶ 7 (emphasis added).

9. Since Ewers and his principal, Liner, have agreed to share a percentage of any monetary recovery from Heron with Pladott, then the latter's 28.51% interest in the *proceeds* of the Judgment should also be included therein.

10. Accordingly, Pladott requests this Court to allow him to intervene as a Plaintiff in this case for the limited purpose of adding to the Judgment his 28.51% interest in whatever is collected towards the satisfaction of same.

                ALEXANDER PLADOTT

                By his Attorney,

                __/s/_ Isaac H. Peres_____
                Isaac H. Peres, BBO #545149
                92 State Street, 8th Floor
                Boston, MA 02109
                (617) 722-0094

### CERTIFICATE OF SERVICE

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those as non registered participants on March 16, 2007.

                /s/ Isaac H. Peres_____
                Isaac H. Peres