UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 04-10024-RWZ

LARRY EWERS

v.

CHRISTOPHER PATRICK HERON,
CORPORATION OF THE BANKHOUSE, INC.,
SOCIETE BANKHOUSE, and
JAMES F. POMEROY, II

ORDER

June 4, 2007

ZOBEL, D.J.

In 2004 all defendants were defaulted. Plaintiff promptly moved for the entry of judgment against each defendant in varying amounts. The base amount claimed against the principal malefactor, Christopher Patrick Heron, was $1,980,000,000 as per an agreement by him dated January 17, 2002. It is reflected in Counts II - IV of the complaint. Plaintiff claims treble that amount, $5,940,000,000 in Count V charging violations of Mass. Gen. Laws ch. 93A. The claims against the remaining two defendants[1] amounted to $4,480,000 on Counts II-IV and again treble that amount on Count V, $13,440,000. At this point a number of parties sought to intervene to claim a portion of the as yet non-existent pot. This court denied intervention and instructed counsel to submit a form of default judgment against all defendants that was to include

_____

[1]Plaintiff would drop claims against defendant Societe Bankhouse on November 9, 2004.

a clause prohibiting plaintiff from disbursing any funds collected without notice to the proposed intervenors and approval by the court. No judgment satisfactory to all was ever filed. However, the denial of the motion to intervene was appealed to the Court of Appeals and ultimately affirmed.

One of the proposed intervenors filed a separate law suit, Alexander Pladott v. Larry Ewers, Civil Action No. 05-10356-RWZ, to protect his interest, and another proposed intervenor, Eugene Liner, although not a party to either action, filed with the court an unofficial notice of litigation between himself and Ewers in a Texas state court. This court reserved ruling on the motions for entry of default judgment pending resolution of the case in Texas, which has occurred. In the meantime, one of the remaining defendants, James F. Pomeroy, has filed for bankruptcy protection. Consequently, plaintiff Larry Ewers has moved for the entry of judgment against defendant Heron only and two parties, Pladott and International Children's Fund-Rokha Parakey, Inc., again seek to intervene.

The Texas case was resolved by settlement and an agreed final judgment that established among the parties in that case Ewers' authority to file and prosecute this action and the percentage interests of those parties in any judgment against defendant Heron. Those parties are Larry Ewers/E.P.D. Management Company L.L.C., Howard Eugene Liner, International Children's Fund-Rokha Parakey, Inc., Buckley, Matthews, White & Howell, L.L.P. and Larry Morris. Absent from the list are Alexander Pladott and the Heron creditors he represents, namely Ah Ping Ban, the Flamecrest Enterprises Limited Trust, and the Balz Rudolph Wolfensberger Trust.

2

First, there is no just reason for delaying the entry of judgment against Heron and, given the bankruptcy, officially staying the action against the remaining two defendants.  Accordingly, judgment will enter against defendant Heron on Count II of the complaint.  Counts III, IV and V are dismissed, the last because the record does not clearly establish a violation of Mass. Gen. Laws ch. 93A.  All counts against the remaining defendants are stayed, and the case will again be closed administratively.

Second, the motions to intervene or reconsider the denial of intervention of Pladott and the Children's Fund are denied.  The Children's Fund will be included in the judgment.  With respect to Pladott, the record does not support his and his group's claim to a specific percentage share of any recovery from Heron sought by plaintiff pursuant to the agreement with Heron that gave rise to plaintiff's claim.  However, the judgment will include the provision he requests requiring plaintiff to deposit any recovery from Heron in court and prohibiting plaintiff from disbursing any such funds without prior approval of the court.

Accordingly, plaintiff's motion to reopen the case and for entry of judgment is allowed. Judgment will enter in substantially the form plaintiff proposed.  Pladott's motion to file a response to plaintiff's motion is allowed, but Pladott's motion to intervene as well as that of the Children's Fund are denied.  Judgment may be entered for plaintiff.  The claims against the remaining defendants are stayed, and the case shall be closed pending further order of the court.

| June 7, 2007 | /s/Rya W. Zobel |
|:---:|:---:|
| DATE | RYA W. ZOBEL |
| | UNITED STATES DISTRICT JUDGE |