## SETTLEMENT AGREEMENT AND ASSIGNMENT

This Settlement Agreement and Assignment ("Agreement") is entered into and effective this 16 day of January 2007, by and between C.W. Pyke Management Corporation ("Pyke"), a corporation duly organized and in good standing in the State of Washington, and Howard Eugene Liner ("Liner").

WITNESSETH:

WHEREAS, Pyke has filed an action against Liner in the United States District Court for the Eastern District of Massachusetts [C.A. No. 07-11554] seeking to recover the sum of $34,528,250.00;

WHEREAS, Liner wishes to settle the action and any and all of the disputes arising out of the action, any pleadings, and the facts and circumstances in connection therewith;

NOW THEREFORE, in consideration of the mutual promises and covenants contained herein, and for other good and valuable consideration, the parties hereto agree as follows:

1. Liner hereby irrevocably assigns his right, title, and interest to a portion of his 16% undivided interest in the Judgment entered against Christopher Patrick Heron in Larry Ewers v. Christopher Patrick Heron, United States District Court, C.A. No. 04-10024-RWZ, and in any proceeds of the Judgment recovered from assets of Christopher Patrick Heron found anywhere in the world, said portion to be limited to the sum of $12,728,000.00. This assignment is intended to enable Pyke to collect up to $12,728,000.00 directly from any funds deposited into the Federal Court in C.A. No. 04-10024-RWZ, and Liner hereby grants his permission to anyone connected with C.A. No.

04-10024-RWZ, including but not limited to court personnel and/or the parties to the case and their attorneys to disburse monies directly to Pyke or his attorney pursuant to this assignment.

2. Liner hereby irrevocably assigns a portion of his right, title, and interest to any other of his assets found anywhere else in the world, said portion to be limited to the sum of $12,728,000.00. This assignment also is intended to enable Pyke to collect up to the sum of $12,728,000.00 directly from any such assets, and Liner hereby grants permission to anyone holding any such assets to disburse monies directly to Pyke or his attorney pursuant to this assignment.

3. Pyke agrees that upon the execution of this Agreement by Liner, Pyke will take whatever steps are necessary to dismiss C.A. No. 07-11554 with prejudice, including but not limited to the filing of a Stipulation of Dismissal with prejudice.

4. The parties hereto will execute and deliver to each other and assent to any and all documentation reasonably necessary to remove any restriction and/or any other thing preventing the consummation of this Agreement or any part thereof, including but not limited to the effectuation of the assignments contained herein.

5. In consideration of the mutual covenants contained herein, and only upon the receipt by Pyke of $12,728,000.00 from Liner, pursuant to the assignments contained herein or otherwise, Liner will be released of and from all and all debts, demands, actions, causes of action, suits, judgments, accounts, sums and sums of money, covenants, contracts, agreements, damages, extents, promises, and any and all claims and liabilities whatsoever, of every name and nature, which Pyke for himself and for his successors and assigns, as well as his successor corporations, predecessor corporations,

agents, servants, employees, attorneys, heirs, executors, administrators, affiliates, assignors, officers, directors, shareholders, managers, members, trustees, and beneficiaries, ever had or now has against Liner from the beginning of the world to the date of these presents to include without limiting the foregoing, anything arising out of or related to C.A. No. 07-11554.

6. In consideration of the mutual covenants contained herein, Liner, for himself and for his heirs, successors, assigns, agents, executors, administrators, or attorneys in fact or law, hereby remises, releases, and forever discharges Pyke, and its successors and assigns, as well as its successor corporations, predecessor corporations, agents, servants, employees, attorneys, heirs, executors, administrators, affiliates, assignors, officers, directors, shareholders, managers, members, trustees, and beneficiaries, of and from all debts, demands, actions, causes of action, suits, judgments, dues, accounts, sums and sums of money, covenants, contracts, agreements, damages, extents, promises, and any and all claims and liabilities whatsoever, of every name and nature, which Liner had, ever had or now has against Pyke from the beginning of the world to the date of these presents, and particularly, without limiting the foregoing, anything arising out of or related to C.A. No. 07-11554.

7. This Agreement shall be governed by the laws of the Commonwealth of Massachusetts, and the United States District Court for the Eastern District of Massachusetts shall have exclusive jurisdiction to hear claims arising from or relating to the terms or subject matter of this Agreement.

8. This Agreement supersedes all prior understandings and agreements, whether written or oral, among the parties hereto relating to the matters provided for

herein. This Agreement is the entire agreement among the parties with respect to the subject matter hereof, and no provision of this Agreement may be waived or altered without the written consent of the party to be charged therewith.

9. Liner acknowledges that he has read this Agreement carefully and that he knows and fully understands its contents, and that he is signing and executing this Agreement as his free act and deed.

10. This Agreement may be executed in several counterparts, and by the parties hereto on separate counterparts, each of which, when so executed and delivered, shall be deemed an original, but all such counterparts shall constitute but one and the same instrument.

IN WITNESS WHEREOF, I have hereunto set my hand and seal as of this _16_ day of January, 2007.

_____
Howard Eugene Liner

I hereby declare, in the presence of Howard Eugene Liner, that he signed and executed this Agreement willingly, and that to the best of my knowledge, he is eighteen years of age or over, of sound mind, and under no constraint or undue influence.

Name: Brad Bell
Title: Utility Supervisor
Magnolia Camp
Yazoo City, MS 39194

C.W. Pyke Management Corporation
By: _____ President
Name: Bud Pyke, President

4